(6 Misc. Rep. 132.)

### FLANAGAN v. FOX.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

VENDOR AND PURCHASER—CONTRACT—PERFORMANCE—TITLE.

> Where a vendor agrees to give, and the vendee agrees to accept, a title such as a named title guaranty company will approve, the vendee may recover the purchase money paid on the contract in case such guaranty company refuses to approve the title, though such title be in fact free from legal objection, unless such approval is prevented by the vendee.

Appeal from city court, general term.

Action by James Flanagan, as executor of the estate of Catherine Flanagan, deceased, against Patrick Fox, on a contract for the purchase by deceased of certain real estate to recover the amount paid on account of the purchase money, with damages for defendant's failure to perform the contract on his part. From a judgment of the general term of the city court of New York (25 N. Y. Supp. 514) affirming a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

J. Baldwin Hands, for appellant.
John W. Konvalinka, for respondent.

BISCHOFF, J. Plaintiff's testatrix entered into a contract with defendant for the purchase by her of certain lands on Bradhurst avenue in the city of New York. This contract, among other things, provided that "the vendor shall give and the vendee shall accept a title such as the Title Guarantee and Trust Company will approve." At the time appointed for the delivery of the deed of conveyance in exchange for the payment of the balance of the purchase money the title company refused to approve the title, and the vendee thereupon declined to accept it, and to pay the purchase money. On the trial of this action, which was brought to recover the sum paid on account of the purchase money at the time of the making of the contract, with the expenses incurred by the vendee in the investigation of the vendor's title, the above facts appeared, as did also that the title company refused to approve the title owing to the opinion of its counsel that the ownership of part of the lands mentioned in the contract, which extended into a former swamp, was in doubt; and that, because of an alleged irregularity in a certain action in the supreme court, wherein Lydia Beebe, Louisa Dekay Townsend, and others were plaintiffs, and Andrew L. Hamersley and others were defendants, which was brought for the partition of lands of which the lands described in the contract were a part, the interest of a former cotenant, Charles Van Rensselaer Townsend, was still outstanding in him. No evidence of any facts of which the doubtful character of the title to the swamp lands was predicable in the opinion of the title company's counsel was adduced. Concerning counsel's other objection, however, the record of this appeal shows

that the alleged irregularity referred to arose from the fact that the judgment roll in the partition action failed to show that notice of application to the court for the appointment of a guardian ad litem for said Charles Van Rensselaer Townsend, who was the son and heir at law of Louisa Dekay Townsend, a deceased plaintiff, and at the time an infant under 14 years of age, was given either to the infant or his general guardian, or to the person with whom the infant then resided. The judgment roll was received in evidence. It appeared therefrom that by an order of the court, dated March 15, 1869, the action was revived, and leave given to the surviving plaintiffs to bring the infant in as a party defendant by service of a supplemental summons and complaint; that such service was made both upon the infant and his general guardian; and that a guardian ad litem was thereafter appointed for the infant, who appeared and answered in his behalf. The application for the appointment of a guardian ad litem, we apprehend, was made by the prochein ami of the infant, though such does not affirmatively appear; but the judgment roll did not disclose that notice of it was given either to the infant or his general guardian or to any other person. The trial judge deemed the objections of the title company's counsel invalid, and its refusal to approve the title because of those objections, unreasonable, and, on motion of defendant's counsel, dismissed the complaint.

In passing, we may say that upon the evidence we concur in the views of the trial judge that the objections raised by the title company's counsel did not point out any defect in the vendor's title. It is not necessary to discuss them, however, for, be that as it may, it was, in our opinion, error to dismiss the complaint. "Expressio unius est exclusio alterius;" "expressum facit cessare tactum." Broom, Leg. Max. p. 650. Hence, if the contracting parties have expressly provided for the same subject-matter, that which the law would otherwise have implied does not prevail. 1 Chitty, Cont. p. 89. Again, it is a fundamental rule of construction that effect must be given to every part of the contract. 2 Pars. Cont. p. 505. If, therefore, the language of a particular covenant is fairly open to a construction that the parties intended to create a right, and to impose a correlative obligation, which would not have been extant without it, it will be error to assume that the covenant is cumulative respecting an implied right and its corresponding obligation, and so redundant. In every contract for the purchase and sale of real property a covenant on the part of the vendor to tender a good title —that is to say, one free from valid legal objection—will be implied, if the vendee has not agreed to be content with another or different one, (1 Sugd. Vend. p. 16; Ger. Real Estate, [3d Ed.] p. 482;) and conforming, therefore, to the maxims and rule above stated, it must be assumed that the parties to the contract, for the breach of which this action was brought, meant just what they said when the vendor agreed to give, and the vendee agreed to accept, a title such as the title company would approve. Obviously, to hold that this meant no more than that the vendor should tender a good title,—one free from valid legal objection,—is, in effect, to condemn the covenant as

meaningless or redundant. In Hudson v. Buck, 23 Moak, Eng. R. 808, 811, the court construed a contract to purchase "subject to the approval of the title by the purchaser's solicitor" to comprehend something more than an obligation on the part of the vendor to tender merely a title free from valid legal objection. Indeed, the court intimated that the vendee's exaction of the condition that the title should be approved by his solicitor was regarded by it as an intentional precaution on his part against the possibility of being subjected to the vexation and expense of litigating disputed questions affecting the title by reason of his having entered into the contract of purchase; and such, it seems to us, was the purport of the covenant in the case at bar. Why else should the parties have stipulated that the title company should be the sole arbiter as to whether the title tendered is good or bad? There is no legal or moral objection to a contract by the terms of which one of the parties agrees to procure the approval of a third person before the other of the contracting parties shall be required to perform the contract on his part. A very common instance of such contracts is one whereby a builder agrees to erect a building, and that he shall be entitled to payment only upon his production of the architect's certificate of approval of the work. In every such case the procurement of the act of such third person constitutes a condition precedent to the right to require performance by the other of the contracting parties; and, if the condition is not complied with, the latter cannot be required to perform. 1 Whart. Cont: § 598, etc. Nor is the party who has agreed to secure the act of a third person as a condition precedent to performance by the other of the contracting parties absolved from compliance with the condition because of the unreasonable refusal of the third person. The parties have expressly agreed that his act shall be material. Whether it is so in fact or not is beyond the province of the courts to decide. The courts cannot make an agreement for the parties and cannot, therefore, dispense with a condition which they have imposed. If otherwise, one of the contracting parties could be required to accept that which he has not agreed to accept under pain of being refused aid if the other has failed to offer that which he has agreed to give. There is a class of cases—notably those involving building contracts of the kind hereinbefore mentioned—wherein it has been held that if the third person unreasonably or in bad faith refuses to do the act required of him, performance by the contracting party who had agreed to procure that act to be done may be dispensed with in that respect. All of those cases, however, differ from this, in that in those the contract was partly executed by the party who was permitted to recover. He had parted with something of value, either in services or materials, to the other of the contracting parties, which it would have been unconscionable for the latter to retain, and yet to refuse to pay the agreed or reasonable value thereof. Here, however, the vendor has parted with nothing. The contract remained wholly unexecuted on his part.

The opinion of Judge Brown in Vought v. Williams, 120 N. Y. 253,

256, 24 N. E. 195, to the effect that a covenant by the vendor to convey by a title such as the vendee's solicitor should approve does not require performance of a condition precedent by the vendor, is obiter dictum. That was an action for specific performance against the vendee, and the decision of the court in affirming a judgment denying the relief demanded was, as in Hudson v. Buck, supra, predicated of the nonmarketability of the title. On a former appeal herein to the general term of the court below the latter intimated in its opinion (23 N. Y. Supp. 344) that the case at bar is controlled by the principles which distinguish those cases wherein it was held that a promise to perform services, or to sell and convey property, satisfactory to the other of the contracting parties, is fulfilled if the latter ought reasonably to be satisfied, and that his unreasonable refusal to be satisfied will not constitute a bar to his obligation to perform the contract on his part. Upon examination, however, it will appear that the cases referred to are also those of partly executed contracts, where the party required to perform had received the services or property; and the rule was applied that that which in reason and good faith he ought to be satisfied with the law will regard as satisfactory to him, since it would be unconscionable for him to accept the fruits of another's promise, and arbitrarily to refuse payment or other performance on his part. Johnson v. Bindsell, (Com. Pl. N. Y.) 10 N. Y. Supp. 321. Here, however, the covenant was not to tender a good title, or one satisfactory to the vendee, but one which the title company would approve. A good title—one free from valid legal objection—would, under the decisions mentioned in the opinion of the court below, in the case of a partly executed contract, as matter of course, be one which the vendee should ordinarily be satisfied with; but, as already pointed out, a covenant to tender a title such as the title company will approve, is not the same, in effect, as to tender a good title,—one free from valid legal objection, or satisfactory to the vendee. Covenants to convey a good title—one free from valid legal objection or satisfactory to the vendee—may be convertible with each other, but either would be implied in every contract for the purchase and sale of real property. A covenant, however, to tender a title such as the title company will approve requires the vendor to have it so approved if effect is to be given thereto. Nor is there anything unconscionable or implying bad faith on the part of the vendee in the latter's insistence upon such approval, while the contract remains wholly unperformed on the part of the vendor in other respects. A desire to secure the insurance of his title by the title company may be the motive for his insistence upon the approval.

We may add that if the party who has covenanted to procure the approval of a third person as a condition precedent to his right of performance by the other of the contracting parties is prevented from procuring it by the act of the latter, in that event the former will be relieved from performance in that respect, since, under such circumstances, the latter will be deemed to have waived it. No one will be permitted to urge his own wrong to the detriment of another. But that plaintiff did in any manner hinder defendant

from procuring the title company's approval of his title does not appear. The judgments of the general and trial terms of the court below should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.