(13 Misc. Rep. 256.)

HOWE v. ROBINSON et al.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

1. CONTRACTS—INTERPRETATION.
   A contract, by which plaintiff agreed to render services to defendant as an actress "for any period less than ten months, at the option of either party," commencing on a certain day, and which provided that it might be canceled "at any time by either party giving two weeks' notice to the other in writing," means that the employment shall continue, not in any event to exceed ten months, until either party elects to terminate it by the two weeks' notice in writing.

2. ACCORD AND SATISFACTION—WHAT CONSTITUTES.
   A contract provided that plaintiff was to render certain services to defendant for $40 a week.  Plaintiff, several weeks after the time specified in the contract for the services to commence, gave a receipt acknowledging the payment of $40 "in full for all demands, all claims, and all salary" to date.  No dispute had then arisen as to any arrears of salary.  *Held* that such receipt did not show an accord and satisfaction, the sum paid being for a week's salary, which was concededly due, and therefore there was no consideration to support an agreement to cancel pre-existing demands in favor of plaintiff.

Appeal from Seventh district court.

Action by Laura Howe against Eugene Robinson and others to recover arrears of salary under a contract of employment.  Judgment in favor of plaintiff was rendered by the justice, without a jury, and defendants appeal.  Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

John W. Boothby, for appellants.

Benno Loewy, for respondent.

BISCHOFF, J.  True it is, as the appellants' counsel contends, that the court below erroneously admitted parol evidence to vary the terms of the written contract which was executed by and between the parties to this action, but equally true is it that no prejudice resulted to the defendants from such admission.  The parol evidence was to the effect that plaintiff's employment was to be for the season, or for not less than twenty weeks; but disregarding the objectionable evidence, and upon the written contract, as we construe it, and the facts transpiring after its execution, as they were determined by the court below upon sufficient evidence, the judgment appealed from is legally proof against successful assault.  Harmless error in the admission of incompetent evidence affords no ground for reversal.  Foote v. Beecher, 78 N. Y. 155; Woodruff v. McGrath, 32 N. Y. 255; Ward v. Kilpatrick, 85 N. Y. 413, 417; Tenney v. Berger, 93 N. Y. 524, 531.

The written contract of employment bound the plaintiff to the performance of her services as an actress at the defendants' theaters "for any period less than ten months, at the option of either party, commencing on or about August 27, 1894, at Philadelphia, Pa."  A subsequent clause provided for cancellation of the contract "at any time by either party giving two weeks' notice to the other in writing."  Construing the several provisions together, as we must (Flanagan v. Fox, 6 Misc. Rep. 132, 26 N. Y. Supp. 48; Id., affirmed,

on opinion below, 144 N. Y. 706, 39 N. E. 857), the only rational meaning which is to be gathered from the language quoted is that it was thereby intended that the employment should endure, not in any event to exceed ten months, until either party to the contract elected to end it by giving to the other two weeks' previous notice in writing of such an intention. Such is the natural and apparent sense of the contract,—the sense in which the defendants, as promisors, must be deemed to have intended the plaintiff, as promisee, to understand it, and the sense, therefore, which should prevail. Hilleary v. Grower Co., 4 Misc. Rep. 127, 23 N. Y. Supp. 1016.

The initiatory pleadings were in writing. The complaint proceeded upon a cause of action for damages arising from the defendants' alleged refusal to continue the employment; and the answer, besides the denial of any breach of contract, alleged as affirmative defenses that, pursuant to the provisions of the contract, the employment was terminative at any time, at the option of either party, upon two weeks' previous notice in writing to the other, of which option the defendants had availed themselves; and that, by an agreement of accord and satisfaction, the plaintiff had released the defendants from the payment of all demands in her favor. Obviously, however, we are not to test the accuracy of the judgment appealed from with reference to the issues made by the written pleadings; for by the consent of the parties, which is apparent from the evidence adduced for the plaintiff, without objection, the character of the objections made, and the amendment of the complaint, without objection, to conform it to the proof made when the introduction of the plaintiff's direct evidence was closed, other issues were substituted and litigated on the trial, and determined in the court below. Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910.

Called as a witness in her own behalf, the plaintiff testified that she neither gave nor received notice of any intention to terminate the employment; and that her agreed weekly salary of $40 remained due and unpaid for five weeks at the time of the commencement of the action. Construing the written contract as we do, and observing that at the time of the trial the employment was not determined either by expiration of time or notice, as provided, the action clearly proceeded as one upon a subsisting contract to recover accrued salary, and not for damages arising from the refusal of the defendants to continue the employment. The plaintiff, furthermore, testified that, though she held herself in readiness to comply with the terms of the contract on her part for the period during which the salary sued for had accrued, she was not required to perform any services by the defendants. In the absence of proof of a withdrawal therefrom by either party, the employment was to be taken as subsisting. Berg v. Carroll (Com. Pl. N. Y.) 9 N. Y. Supp. 509. Hence, upon the facts above alluded to, a judgment for the plaintiff in the sum of $200, as rendered, was the inevitable conclusion.

For the defendants it was conceded on the trial that written notice of an election on their part to terminate the employment was not given, and the defense resolved itself into an effort to defeat the

plaintiff's recovery upon the grounds:   Firstly, that, before the commencement of the last two weeks for which the plaintiff claimed salary, the defendants had withdrawn from the employment, and given oral notice to the plaintiff to that effect, and hence that, though the defendants may have subjected themselves to liability in damages for breach of contract, no salary accrued to the plaintiff subsequent to the breach; secondly, that the contract provided that "should any nonplaying nights occur through accident, sickness, delay on the railroad, riot, fire, lay-offs, railroad accident, public calamity, or other unforeseen causes, where time is lost, then the said party of the second part (the plaintiff) is not to receive any salary for said time lost," and that no salary had accrued to the plaintiff under this provision for the first three weeks for which it was claimed in this action, because the defendants were prevented from continuing their performances for that period by "lay-offs"; and, thirdly, that the plaintiff had relinquished her claim against the defendants by an agreement of accord and satisfaction.

With regard to the first of the grounds of defense last above alluded to, it is sufficient to say that the testimony for the defendants to establish the fact of an oral notice of their discontinuance of the employment was met by the plaintiff's denial, in rebuttal, of the receipt of any such notice; and, in the absence of a preponderance of the evidence against the party prevailing on the trial, this court will not disturb the findings of the trial court on the facts.   Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776; Baird v. Mayor, etc., 96 N. Y. 567.   Appellants' counsel contends that the receipt of such oral notice was admitted by the plaintiff; but, as we read the plaintiff's testimony alluded to in this regard, it was to the effect that the defendants' representative informed her that no objection would be made on their part if she accepted employment elsewhere. Obviously, this reserved to the defendants the right to assign the plaintiff to the performance of services before her acceptance of other employment, and was not equivalent to notice that her services would be no longer required or accepted.

With regard to the second ground, the trial court admitted considerable testimony offered by the defendants to show that the term "lay-off" had acquired a well-defined meaning in the theatrical profession, and comprehended a variety of causes which operated, without fault of the manager, to prevent the contemplated performances from taking place.   This testimony was properly admitted (Browne, Parol Ev. p. 202, § 57); but even so, and conceding the fact to be in accord with the testimony alluded to, it remains that the defendants wholly omitted the effort to show that the plaintiff's services were not required in consequence of the happening of one or more of the events from which a lay-off resulted.   Clearly, without proof to the last-mentioned effect, the clause which the defendants sought to invoke was unavailable to them.

With regard to the third and only remaining ground of defense, the facts were that subsequent to the accrument of the salary for the first three weeks, and before the accrument of the salary for the last two weeks, sued for in this action, the plaintiff performed at the

defendants' theater for one week, the salary for which was not disputed, and was concededly due and owing. When the last-mentioned week's salary was paid, the plaintiff gave a receipt acknowledging the payment of $40 "in full for all demands, all claims, and all salary from said manager and company up to and including November 11, 1894," the date of payment. Up to this time no dispute had arisen between the parties respecting any arrears of salary, and nothing was said by either party about any arrears of salary at the time of the receipt. Waiving now the objection that an essential element of an agreement of accord and satisfaction—the mutual assent or aggregatio mentium of the parties—was entirely wanting (Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034), and regarding the receipt in the light of an agreement in writing, to vary the terms of which parol evidence was not admissible (Coon v. Knap, 8 N. Y. 402; People v. Board of Managers, etc., 96 N. Y. 640), and which therefore was conclusive upon the parties as to its effect, it remains that the alleged agreement was nudum pactum, being without any consideration to sustain it. The sum paid was for a liquidated demand, and concededly due and owing. By its payment, therefore, the defendants parted with nothing to avail them in support of an agreement to cancel other and pre existing demands in favor of the plaintiff. · Conceding the justice of the plaintiff's demand for salary for the week during which she rendered actual service, her right to the whole of the sum paid was not open to dispute in good faith on the part of the defendants. They, therefore, yielded nothing, not even the forbearance of dispute with regard to any part of the sum paid, in consideration of the plaintiff's alleged promise to abandon her claim for arrears of salary. Parol evidence was admissible to show a want of consideration. Browne, Parol Ev. p. 43, § 29. By its very terms, the receipt did not extend to demands which did not exist in the plaintiff's favor on the 11th day of November, 1894. Hence the alleged agreement of accord and satisfaction had no effect upon salary which accrued subsequently to that date; namely, the salary for the last two of the five weeks for which recovery was had in the court below.

The judgment should be affirmed, with costs.