(33 Misc. Rep. 44.)

### POPE et al. v. THRALL.

(Supreme Court, Special Term, New York County. November, 1900.)

1. SPECIFIC PERFORMANCE—REAL ESTATE—MARKETABLE TITLE.

Plaintiffs contracted to convey to defendants certain real estate by metes and bounds, subject to the state of facts shown by a certain survey, and agreed that the title should be deemed marketable, and the party of the second part would accept the same, provided a certain title insurance company would insure the title to him in a certain sum, he agreeing to abide by such company's decision as to marketability of title. The contract designated a certain monument to which the land extended, but the distance thereto named in the contract was longer than that shown by the survey, but both descriptions included the same quantity of land. The title company refused to insure the property as described in the contract, but offered to insure according to the survey. *Held* that, the title company being willing to insure the title to the property, the defendant was obliged to take the property.

2. SAME—DESCRIPTION—MONUMENT—METES AND BOUNDS.

The title was not unmarketable because the contract and the survey did not correspond as to the length of the tract conveyed, in feet and inches, since the designation of a monument governs and supersedes such statement of the distance by feet and inches.

3. TENANCY IN COMMON—ADVERSE POSSESSION.

Four tenants in common of four lots of land joined in deeds so that a lot was conveyed to each of three of them under an agreement for partition, but no deed of the other lot to the other tenant appeared of record, though he took possession and deeded it to grantors of plaintiffs, who have been in continuous possession for more than 30 years. *Held*, that plaintiffs, who had contracted to convey such lot, had title thereto by adverse possession, even as against a co-tenant in common, and could compel performance of the contract.

Action by Sylvester Pope and others against John E. Thrall to compel specific performance of a contract for the sale of certain real property. Decree for plaintiffs.

A. I. Elkus, for plaintiffs.
Norman A. Lawlor, for defendant.

BLANCHARD, J. This is an action to compel the specific performance of a contract for the sale by the plaintiffs to defendant of

certain property situated at the northeasterly corner of West Eleventh
and Washington streets, described as follows:

"All those certain lots, pieces, or parcels of land, with the buildings and
improvements thereon erected, situate, lying, and being in the borough of
Manhattan, city and county of New York, which, taken together, are bounded
and described as follows, viz.: Beginning at a point formed by the inter-
section of the easterly side of Washington street with the northerly side
of West Eleventh street, formerly Hammond street; thence northerly, along
the easterly side of Washington street, seventy-five (75) feet, to lands now
or late of Abijah Hammond; thence easterly, and along the lands now or
late of Abijah Hammond and James Patton, one hundred and five (105) feet,
to land now or formerly belonging to L. Suydam; and thence northerly,
along said land of L. Suydam, sixty (60) feet, to the northerly side of West
Eleventh street, formerly Hammond street; thence westerly, along said north-
erly side of West Eleventh street, one hundred and eighteen feet (118), to
the point or place of beginning,—be the said several dimensions more or
less; said premises being known by the street numbers 337, 339, 341, 343,
and 345 West Eleventh street, and 719 and 721 Washington street, borough
of Manhattan, New York City; subject to the state of facts shown by survey
made by Frank E. Towle, C. S., dated June 23, 1899."

Two clauses of the contract will be particularly noted—First, the
subject clause, just quoted, which follows the description of the prop-
erty; and, secondly, the following:

"The parties hereto agree that the title shall be deemed marketable, and
the party of the second part shall accept the same, provided the Lawyers'
Title Insurance Company of the City of New York will issue a policy of title
insurance for forty-six thousand dollars ($46,000.00) to him as owner. The
party of the second part agrees to abide by the decision of said Lawyers'
Title Insurance Company as to the marketability of said title."

The defendant urges that the title company refused to issue its
policy insuring the property as described in the contract. The proof
is, however, that the company did offer to insure according "to the
state of facts shown by survey made by Frank E. Towle, C. S., dated
June 23, 1899," but not according to the metes and bounds contained
in the description of the property in the contract. The difference be-
tween the contract description and the title company or survey de-
scription related to the northerly boundary, the former reading
"thence easterly, and along the land now or late of Abijah Hammond
and James Patton, one hundred and five (105) feet, to the land now
or formerly belonging to L. Suydam," and the latter following pre-
cisely the same language, with the single exception that the distance
is given as 98 feet 11½ inches, instead of 105 feet. There can be no
question but that both descriptions included the same quantity of
land, both running to the land of L. Suydam, and whatever the dis-
tance, whether 105 feet or 98 feet 11½ inches, the actual property in-
cluded was the same. The designation of a monument, to wit, the
land of L. Suydam, must govern, and supersedes the statement of the
distance by feet and inches. The parties having made the title com-
pany their arbiter as to the marketability of the title, and the com-
pany being willing to insure the title to the property, the title was
therefore such a one as by the contract defendant agreed to accept,
and accordingly plaintiff must prevail in this action. Flanagan v.
Fox, 6 Misc. Rep. 132, 26 N. Y. Supp. 48, affirmed in 144 N. Y. 706,
39 N. E. 857. Irrespective, however, of the willingness of the title

company to insure the title, I am of the opinion that the objection raised does not render the title unmarketable.

The only other objection urged by defendant against the title affects only premises known as No. 339 West Eleventh street, and arises from the following facts: By deed recorded May 12, 1827 (Liber 217C, p. 445), the title to premises known as Nos. 337, 339, 341, and 343 West Eleventh street became vested in Isaac Haring, David Sarven, Andrew Van Buskirk, and Abraham Campbell, as tenants in common. It would seem that these four parties agreed upon a partition of the premises mentioned, each receiving one lot. The records show that Haring, Sarven, and Van Buskirk, and their respective wives, joined in a conveyance of No. 337 to Campbell (Liber 217C, p. 451); that Haring, Van Buskirk, and Campbell and wives joined in a conveyance of No. 341 to Sarven (Liber 269C, p. 192); and that Sarven, Van Buskirk, and Campbell, and wives, joined in conveyance of No. 343 to Haring (Liber 225C, p. 45). All these conveyances are dated April 2, 1827. No deed is found of record from Haring, Sarven, and Campbell to Van Buskirk of premises No. 339, which would seem to have been allotted to Van Buskirk; for he and his wife, and one Martin Blanch and wife, conveyed No. 339 to Henry Westervelt by deed dated May 1, 1828 (Liber 239C, p. 102). The title subsequent to this conveyance, a period of over 72 years, appears to be in all respects regular. Defendant urges that, because of the absence of any conveyance from Haring, Sarven, and Campbell, therefore they or their heirs are still the legal owners of three-fourths of No. 339. Plaintiffs contend that they have title by adverse possession, as they or their grantors have been in possession continuously for more than 30 years last past, under such circumstances as would create title by adverse possession. I am inclined to agree with plaintiffs, and the evidence satisfies me that there has been in respect to this land such "an actual, continued, visible, notorious, distinct, and hostile possession" as, under the authorities, would constitute a good title in plaintiffs, even as against a co-tenant in common. Culver v. Rhodes, 87 N. Y. 348, 354; Abrams v. Rhoner, 44 Hun, 507. These cases, and others which might be cited, clearly show the defendant's contention, that there can be no adverse possession by a tenant in common against his co-tenant, to be without force. Under the circumstances, a decree of specific performance is proper. O'Connor v. Huggins, 113 N. Y. 511, 21 N. E. 184; Cahill v. Palmer, 45 N. Y. 478; Culver v. Rhodes, supra.

Ordered accordingly.