DOWNS et al. v. LEHMAN.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

SPECIFIC PERFORMANCE—ACTIONS—SUFFICIENCY OF COMPLAINT.

A complaint by vendor against purchaser for specific performance of a contract for the sale of real estate need not allege approval of the title by a title insurance company in compliance with a clause of the contract that title was to be so approved; such clause imposing no condition on vendor.

Appeal from Special Term, Suffolk County.

Action by Charles O. Downs and others against Edgar Lehman. Judgment for plaintiffs, and defendant appeals. Affirmed.

The complaint is by seller against purchaser for the specific performance of a contract for the purchase of real estate. The contract, which is made part of the complaint, contains the following separate clause: "The title to the premises above described to be approved by the Lawyers' Title Insurance Company." It is claimed that the complaint is insufficient for lack of an allegation of such approval.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Boskowitz & Levy, for appellant.
Timothy M. Griffing, for respondents.

GAYNOR, J. The rule requiring a complaint to allege performance by the plaintiff of all conditions precedent on his part to his right of action is ancient and undoubted. It has been incorporated in our code of practice by a provision that such requirement is sufficiently complied with by a general allegation that the plaintiff "duly performed all the conditions on his part." Code Civ. Proc. § 533. But the clause of this contract that the title is to be approved by the title insurance company imposes no condition on the plaintiffs' part. The title has to be examined by the defendant—by the purchaser, not by the sellers—and the meaning is that the said title company is to do it for him, if he chooses, and that he is not to be obliged to take the title unless it approves of it. It is a thing not uncommon for a purchaser of land, or of municipal bonds, and the like, to put in the contract of purchase a condition that title or validity is to be subject to the approval of a counsel named. That is not a condition precedent on the seller's part, i. e., for him to perform, or to be performed on his part. It is for the purchaser to have such counsel examine the title and approve or disapprove before the contract day, and that he disapproves is a defence to be pleaded. It is for the purchaser to object to title on the contract day on the ground of such disapproval, and failure to do so is a waiver. The seller may not even know that the counsel examined the title at all (and he may not have done so), much less be able to plead that he approved it. A plaintiff is only obliged to allege performance of conditions precedent on his part, i. e., to be performed on his part, and not conditions to be performed by the defendant, or which depend on him for performance. McManus v. Western Assurance Co., 43 App. Div. 550, 48 N. Y. Supp. 820, 60 N. Y. Supp. 1143. The case of Flanagan v. Fox, 6 Misc. Rep. 132, 26 N. Y. Supp. 48, has no bearing whatever on this case. Here we have only a question of pleading, while there there was no question of pleading. There the title was examined and disapproved by the title company designated by the contract, and the purchaser then brought the action to recover back the amount he had paid on the contract, alleging such disapproval in his complaint, and recovered.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.