## FANNING et al. v. LEHMAN.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

Appeal from Special Term, Suffolk County.

Action by Joshua T. Fanning and another against Edgar Lehman. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Boskowitz & Levy, for appellant.

Ernest W. Tooker (Timothy M. Griffing, of counsel), for respondents.

PER CURIAM. Judgment affirmed, with costs, on the authority of Downs v. Lehman (decided herewith) 107 N. Y. Supp. 329.

## HAPGOODS v. LUSCH.

(Supreme Court, Appellate Division, Second Department. December 6, 1907.)

1. CORPORATIONS—SUBSCRIPTIONS TO STOCK—STATUTES.
   Statutes, and not common-law principles, regulate contracts for shareholding in corporations, and the omission to obey a statutory requirement of a payment in cash upon a stock subscription makes the subscription invalid.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 208.]

2. SAME—PAYMENT BY NOTE.
   Defendant's giving of his note as payment for 10 per cent. of the value of stock purchased by him was not equivalent to the cash payment of 10 per cent. required by Stock Corporation Law, Laws 1892, p. 1835, c. 688, § 41; the transaction not constituting a payment, but merely a promise to pay.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 366.]

3. SAME—IRREGULAR ISSUE OF STOCK—CONSIDERATION FOR NOTE.
   Plaintiff, a corporation, employed defendant for a term at a fixed salary and a percentage. Defendant purchased preferred stock of the plaintiff, to be paid for by his promissory note. Plaintiff agreed, in consideration and in part payment of services, that the purchase of the preferred stock should entitle defendant to a bonus of 100 per cent. of its common stock, to be delivered to him by plaintiff's president. Held that, though the agreement for the bonus and for employment was part of the consideration for defendant's note, yet, the contract being entire, another part of the consideration was the issuance of the preferred stock, and if defendant's stock was issued without the required cash payment of 10 per cent., its issue was invalid, and this part of the consideration for the note was void, and hence plaintiff could not maintain an action thereon.

4. APPEAL—REVIEW—DISCRETION OF COURT.
   The question of additional allowance, being largely within the discretion of the trial court, will not be reviewed on appeal, except in cases where a clear abuse of that discretion appears.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3881-3888.]
   Hooker, J., dissenting from order granting extra allowance.