## EASTMAN v. HORNE.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

1. VENDOR AND PURCHASER (§ 134*)—CONTRACTS—INCUMBRANCES—ENCROACH-
MENT—PERFORMANCE OF CONTRACT.

Plaintiff contracted to convey to defendant certain real estate, with full covenants of warranty, conveying the absolute fee, free from all incumbrances, except as previously stated. It subsequently appeared that the supports and foundation of the supports of the roof of a shed on the premises rested on a 7-inch space of adjoining land; but plaintiff tendered, in addition to the deed, a release by the owner of such adjoining property so long as plaintiff's building stood. *Held*, that such release complied with plaintiff's agreement to convey a title free from all incumbrances; the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

overlap being a mere encroachment on adjoining premises, and not an incumbrance on the property conveyed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 250–254; Dec. Dig. § 134.*]

2. VENDOR AND PURCHASER (§ 137*)—CONTRACT TO CONVEY—CONDITION PRECEDENT—EXAMINATION OF TITLE.

Where a vendor contracted to convey such title as a certain guaranty and trust company would approve and insure, the vendee, if he employed such company to investigate the title, could refuse to accept a title not approved by it, without reference to whether the title was good or bad.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 260; Dec. Dig. § 137.*]

3. VENDOR AND PURCHASER (§ 137*)—CONTRACT OF SALE—APPROVAL OF TITLE—CONDITION PRECEDENT.

Where a contract for the sale of land provided that the vendor should give, and the vendee accept, title such as a certain trust company would approve and insure, such provisions imposed no condition on the vendor; and, the vendee not having employed the trust company to examine the title, the vendor was not required to show that it would have been approved by the trust company, as a condition precedent to its enforcement of specific performance.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 260; Dec. Dig. § 137.*]

Appeal from Kings County Court.

Suit by Annie M. Eastman against William Horne for specific performance. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

George W. McKenzie, for appellant.
Charles J. Ryan, for respondent.

WOODWARD, J. The plaintiff entered into a contract in writing with the defendant, on the 27th day of April, 1909, in which contract plaintiff agreed to sell to defendant certain real estate in the county of Kings, and defendant agreed to pay therefor the sum of $4,000. Two hundred dollars was to be paid on signing the contract, $1,800 on the delivery of the deed, and the balance by the assumption of a mortgage which was at the time a lien upon the premises. The contract provided that the—

"deed shall be a full-covenant warranty deed, and shall be executed and acknowledged by the vendor, at the vendor's expense to convey to the vendee, or the vendee's assigns, the absolute fee of the above premises, free from all incumbrances, except as herein stated. The vendor shall give and the vendee shall accept a title such as the Title Guarantee & Trust Company will approve and insure."

The parties met at the time and place appointed for closing the contract, and the defendant refused to accept the deed tendered by the plaintiff, on the ground that the plaintiff had not fully performed her part of the contract, in that she had not and did not procure the title of said property to be approved by the Title Guarantee &

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Trust Company, as provided in said contract, and that defendant insisted upon a title approved by said title company, and that—

"the supports and foundation of said supports of the roof of the shed on the premises to be conveyed on the west side thereof rested for a space of seven inches, if not wholly, on the land adjoining said premises," etc.

Upon the trial of the action the learned court found the facts substantially as contended for by the plaintiff, and made conclusions of law holding that the plaintiff was entitled to the relief of specific performance of the contract; she having furnished an agreement under which the defendant was insured the use of the building as it then stood so long as it should stand. There would seem to be no good ground for disturbing the judgment in so far as it relates to the alleged trespass of the building upon adjoining premises. There is no suggestion that the deed tendered did not convey all that the defendant purchased, with the possible exception of the wall, which encroached upon the adjacent property; and the release of the owner of the property on which the building intruded, so long as the build ing stood, complied with the covenant to convey a title free from all incumbrances, except such as were provided for. There were no incumbrances upon the premises conveyed. There was merely an encroachment upon adjoining premises of a part of a building, and, when the right to have this building maintained during its existence was insured, the defendant had all that he had contracted for in this regard.

There can be no doubt that if the defendant had employed the Title Guarantee & Trust Company to investigate the title, and that corporation had refused to approve or insure the same, the defendant would be justified in refusing to accept the title, no matter how good the same might be; for the parties had a right to fix the standard which was to determine the defendant's liability under the contract. Flanagan v. Fox, 6 Misc. Rep. 132, 26 N. Y. Supp. 48; Allen v. McKeon, 127 App. Div. 277, 111 N. Y. Supp. 328. But the clause of this contract, that the title is to be approved by the Title Guarantee & Trust Company, imposes no condition on the plaintiff's part, as pointed out by Mr. Justice Gaynor in Downs v. Lehman, 123 App. Div. 11, 107 N. Y. Supp. 329; and the plaintiff is only obliged to plead and establish the performance of conditions precedent on his part to be performed. There was no disapproval of the title by the guarantee company, no suggestion that it would refuse its approval, and the defendant not having shown any defect in the title, or any reason which would justify the guarantee company in a refusal to approve, we are of opinion that a good merchantable title was all that the contract contemplated, and that the plaintiff has performed her part of the agreement and is entitled to the judgment.

The judgment of the County Court of Kings County, appealed from, should be affirmed, with costs. All concur.