ANNIE M. EASTMAN, Respondent, v. WILLIAM HORNE, Appellant.

Real property — vendor and purchaser — construction of contract of sale — provision that purhaser shall accept such title as a designated title guaranty company will approve and insure.

Where a contract for the purchase and sale of real estate contained a provision that "the vendor shall give and the vendee shall accept a title such as the Title Guarantee and Trust Company will approve and insure," the intent of the contract is to make the title company the final judge whether the title was good or bad, but it was not intended to change the prevailing practice that the purchaser incurs the expense of an examination and insurance of his title; that if he wishes the title passed on by the title company he must employ it for that purpose, and in the absence of submission to the title company it must be presumed that a good title which the court

has found to have been vested in the plaintiff would be approved and insured by the company had its services been invoked. (*Flanagan* v. *Fox*, 6 Misc. Rep. 132, 135; affd., on opinion below, 144 N. Y. 706, distinguished.)

*Eastman* v. *Horne*, 141 App. Div. 12, affirmed.

(Argued May 9, 1912; decided May 24, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 22, 1910, affirming a judgment in favor of plaintiff entered upon a decision of the Kings County Court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. McKenzie* for appellant. The respondent did not comply and has not complied with the covenant, nor has the respondent shown whether the Title Guarantee and Trust Company would approve and insure the title. (*Schlesirger* v. *Burland*, 42 Misc. Rep. 209; *C. M. O. Co.* v. *Brin*, 66 Misc. Rep. 286; *Moore* v. *Williams*, 115 N. Y. 598; Maupin on Marketable Titles, 710; *Scudder* v. *Watt*, 98 App. Div. 228; *Beinhauer* v. *Morris*, 142 App. Div. 400; *Green-Schrier Co.* v. *S. R. & M. Co.*, 199 N. Y. 65; *Pope* v. *Thrall*, 33 Misc. Rep. 44; *Flanagan* v. *Fox*, 6 Misc. Rep. 135; *Nat. Con. Co.* v. *Hudson River Co.*, 170 N. Y. 439; *Wyckoff* v. *Woarms*, 118 App. Div. 699; *Spink* v. *Co.-op. F. Ins. Co.*, 25 App. Div. 484.)

*Charles J. Ryan* for respondent. The vendor was not obligated under this contract to procure the approval and insurance of the title or to tender an approved and insured title to the vendee. (*Allen* v. *McKeon*, 127 App. Div. 278.)

CULLEN, Ch. J. The appeal is from the affirmance of a judgment in favor of the vendor against the vendee for the specific performance of a contract for the purchase

and sale of real estate, and but a single question is presented to us for determination. The contract contained this provision: "The vendor shall give and the vendee shall accept a title such as the Title Guarantee and Trust Company will approve and insure." The trial court found that the deed tendered by the plaintiff was proper in form and in accordance with the contract, and that the title offered to be conveyed thereby was the absolute fee of the premises free from incumbrance except a mortgage of $2,000, subject to which, by the contract, the defendant agreed to take the property. There is no finding that the Title Guarantee & Trust Company had approved the title or was willing to insure it. On the other hand, there is no finding that the title company had declined to approve or insure the title. So far as appears in the record before us, the matter has never been submitted to the company or its action invoked. For the appellant it is contended that it was a condition precedent and that it was incumbent on the vendor to have the company examine the title and approve and insure the same. If this is the true construction of the contract then the decree appealed from was erroneous. But we are not inclined to accept that interpretation in view of the custom prevailing on transfers of real estate, which we all know and of which we can take notice. Doubtless, under the contract, the title company was made the arbitrator on any question of the marketability of the title, and if it declined to approve it that would end all difference between the parties and the vendor would be in default. But that is a very different proposition from the claim that the vendor was bound to get an approval and insurance of the title from the company. The contract does not so specify the obligation of the vendor. It merely prescribes the standard of quality of the title which the vendor agrees to convey. It may be said that it cannot be decided whether the company will or will not approve the title until the company has been

asked to pass upon it. In this argument there is force, but on the other hand, on the transfer of real estate the vendee is the one that has the title examined for his own security. This practice is so well established and recog- nized that it has been repeatedly held as a matter of law that on the failure of the vendor to tender a good title the vendee is entitled to recover as one of his items of damage the expense which he has incurred in the exami- nation of the title. An approval of the title and its insurance on the employment of the vendor, while it might give some assurance that the title was good, would not unless effected on behalf of and for the benefit of the vendee pass with the land so that the vendee might maintain an action against the title company if the title proved defective or incumbered. What this contract contemplated was that the vendor convey a title which the title company would approve and the enjoyment of which it would insure at the instance of the vendee. For this purpose it was necessary for the vendee to employ the title company to search the title for him. That this is the true interpretation of the contract is made evident by the addendum found immediately below the signatures of the parties:

"I hereby authorize J. D. H. Bergen & Son to have the Title Guarantee & Trust Company make an exami- nation of the title to the within described premises.

"(Signed)          WILLIAM HORNE."

The various adjournments of the time for passing the title are indorsed on the contract following this adden- dum. We think the intent of this contract was to make the title company the final judge whether the title was good or bad and thus save the parties from the possibility of long and expensive litigation, but that it was not intended to change the prevailing practice that the pur- chaser incurs the expense of an examination and insur- ance of his title; that if he wishes the title passed on by

the title company he must employ it for that purpose, and that in the absence of submission to the title company it must be presumed that a good title which the court has found to have been vested in the plaintiff would be approved and insured by the company had its services been invoked. Reliance is made by the appellant on the decision in *Flanagan* v. *Fox* (6 Misc. Rep. 132, 135; affd. by this court on opinion below, 144 N. Y. 706). In the opinion there delivered the learned judge said: "In every such case (contract like the present one) the procurement of the act of such third person constitutes a condition precedent to the right to require performance by the other of the contracting parties; and if the condition is not complied with the latter cannot be required to perform." In that case, however, the vendor had employed the title company and that company had refused to approve the title. What the court there said must be construed with reference to the case before it.

The judgment appealed from should be affirmed, with costs.

GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.