ELLIS L. AMDUR and Another, Appellants, *v.* MAX SHAPIRO and Another, Copartners Doing Business as M. SHAPIRO & CO., Respondents.　　　First Department, May 6, 1927.

Brokers — real estate brokers — commission was paid under agreement to return it if title was not closed by reason of default by seller — contract required seller to convey title, which title company would approve and insure — refusal of title company to insure constituted default — defendants must return commission.

The defendants, real estate brokers, entered into an agreement to return the brokerage commission in case the title was not closed by reason of default on the part of the seller. The sale contract provided that the seller would furnish a title that would be approved by a title company. The title company refused to approve the title and insure the same. This constituted a default under the terms of the contract between the plaintiffs and the defendants and, therefore, the defendants must return the commission they received.

APPEAL by the plaintiffs, Ellis L. Amdur and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of April, 1926, denying their motion for summary judgment, and also from an order entered in said clerk's office on the 9th day of June, 1926, denying their motion for leave to renew the motion for summary judgment. .

*George E. Netter* of counsel [*Burnstine & Geist,* attorneys], for the appellants.

*William Abramson* of counsel [*Hays, St. John & Buckley,* attorneys], for the respondents.

PROSKAUER, J. Cavalleris contracted to sell to Leo Bernstein certain ocean front real estate at Far Rockaway, described as having a frontage of 160 feet on Beach Thirty-seventh street and the line parallel thereto. It was provided in the contract: " The seller shall give and the purchaser shall accept a title such as the Title Guarantee and Trust Company will approve and insure." Bernstein, the buyer, assigned his contract to Greenwald and associates, the assignment reciting that " the Title Guarantee & Trust Company is to determine as to the marketability of the seller's title." These assignees in turn assigned to the plaintiffs. The defendants, as brokers, negotiated the last assignment and received from the plaintiffs as commission $2,500 upon an agreement that this sum was to be returned " in the event that the title is not closed under the said contract by reason of a defect in title which can not be remedied, or default on the part of the seller." The Title Guarantee and Trust Company determined that the title was unmarketable because the boundary line on Beach Thirty-seventh street and the parallel course was but 121 feet in length to the high-water mark of the Atlantic ocean, and the company refused to insure any of the land lying south of high-water mark. The obligation of the defendants was to return the $2,500 if the title was not closed " under the said contract by reason of * * * default on the part of the seller." The obligation of the seller under the contract was to convey a title which the Title Guarantee and Trust Company would approve and insure. As between buyer and seller the determination of the title company was final and conclusive, and their refusal to approve and insure constituted a default. (*Eastman* v. *Horne,* 205 N. Y. 486; *Smith* v. *Browning,* 225 id. 358; *Allen* v. *McKeon,* 127 App. Div. 277; *Beinhauer* v. *Morris,* 142 id. 398.) The contract between the plaintiffs and the defendants, fairly construed, means that

the defendants were to return the brokerage payment in the event of such default.

The order denying the motion for summary judgment should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, and the appeal from the order denying motion for leave to renew dismissed, without costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Order denying motion for summary judgment reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Appeal·from order denying motion for leave to renew dismissed, without costs.