YARMA HAAR, Respondent, *v.* THOMAS DALY, Appellant.

Second Department, May 15, 1931.

*Samuel C. Whitman* [*Edward J. Neary* with him on the brief], for the appellant.

*Robert A. Pines,* for the respondent.

PER CURIAM. The vendee in a real estate purchase contract sued to recover the down payment and expenses of examining the title, upon the ground that defendant (vendor) failed to convey a title free and clear of incumbrances, except as stated in the contract. The following clause was contained in the contract: " The seller shall give and the purchaser shall accept a title such as the Title Guarantee & Trust Company will approve and insure." The specific objections to the title made by the vendee were not excepted in the contract. The agreement between these parties " was not to tender a good title, or one satisfactory to the vendee, but one which the title company would approve." (*Flanagan* v. *Fox*, 6 Misc. 132, 137; affd., 144 N. Y. 706, " on opinion below.") It was not the duty of the vendor to have the title company approve the title. " The contract does not so specify the obligation of the vendor. It merely prescribes the standard of quality of .the title

which the vendor agrees to convey. * * * For this purpose it was necessary for the vendee to employ the title company to search the title for him. * * * We think the intent of this contract was to make the title company the final judge whether the title was good or bad." (*Eastman* v. *Horne*, 205 N. Y. 486, 488.) Assuming that the vendor may have had the burden of proving that he obtained the title company to approve and insure the title, we think the evidence discloses that this burden was met.

The judgment should be reversed upon the law and the facts, with costs, and judgment granted for the defendant, dismissing the complaint, with costs.

KAPPER, CARSWELL and SCUDDER, JJ., concur; LAZANSKY, P. J., and DAVIS, J., dissent in separate memorandum.

LAZANSKY, P. J., and DAVIS, J. (dissenting). According to the contract, the parties agreed (1) to give and accept a title which the title company would approve; (2) that the vendor would convey and the vendee receive a fee title free from incumbrances. If the title were good and yet the title company refused to insure, the vendee would be relieved. If the title were defective, even if the title company would agree to insure, again the vendee would be relieved. To compel the vendee to take title, both these conditions must be met. Failing in either, the vendor cannot compel the vendee to take. If the vendee failed to engage the title company to pass upon the title, nevertheless if the title be defective the vendee would be relieved. In a *lis pendens* and complaint on file at the time the contract to purchase was made it was alleged that the vendor had taken title collusively under a mortgage foreclosure sale and that he held the title in trust for the widow and her infant children. Although the action was discontinued and the *lis pendens* canceled as to the adult defendant (the only party served), here was notice of a claim in behalf of infants which might be made in the future. There was hazard of future litigation. (*Fleming* v. *Burnham*, 100 N. Y. 1, 10; *Simon* v. *Vanderveer*, 155 id. 377; *Brokaw* v. *Duffy*, 165 id. 391, 399, 401; *Van Vliet & Place, Inc.*, v. *Gaines*, 249 id. 106.) In our opinion this title is unmarketable and, therefore, the purchaser should be relieved.

Judgment reversed upon the law and the facts, with costs, and judgment granted for the defendant, dismissing the complaint, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on notice.