MOLLY TENNER and Another, Appellants, *v.* RETLAW DEVELOPMENT CORPORATION, Respondent.

Supreme Court, Appellate Term, Second Department, July 3, 1936.

*Joseph Krieger* [*Abraham J. Multer* of counsel], for the appellants.

*Richards, Smyth & McGrath* [*Francis A. McGrath* of counsel], for the respondent.

PER CURIAM.   Orders unanimously reversed upon the law, with ten dollars costs and taxable disbursements, and defendant's motion for summary judgment denied and plaintiffs' motion for the same relief granted.

The defendant by the contract not only agreed to convey such a title as the designated title company would insure but also agreed to deliver at its own expense a policy of title insurance issued by that company.   It now appears that the company has been dissolved through action on the part of the State authorities and defendant cannot perform.   This agreement on the part of the defendant was not a mere incident for which something else could be substituted and thereby substantial performance claimed.   The cases are uniform in holding that where there is such a provision as was contained in the contract here that the title company becomes the judge of the title.   (*Haar* v. *Daly*, 232 App. Div. 423; *Eastman* v. *Horne*, 205 N. Y. 486; *N. Y. Investors* v. *Manhattan Beach Bathing Parks Corp.*, 256 id. 162; *Flanagan* v. *Fox*, 6 Misc. 132, 137; affd., 144 N. Y. 706.)   The affidavits submitted on behalf of the defendant show that the contract was kept alive by it.   Therefore, it cannot urge that the prior defaults of the plaintiffs made performance impossible.   The parties could have provided for the situation which has arisen.   Having failed to do so, the defendant's obligations are at an end but the plaintiffs are entitled to a return of the sums paid by them.   (Restatement of the Law of Contracts, §§ 460 and 468.)

All concur.   Present — CROPSEY, MACCRATE and LEWIS, JJ.