Callahan, J.
This is an action by the vendee to recover a down payment under a contract for the sale of real property.
The plaintiff contracted with the defendants for the purchase of certain premises known as 228 Beach 120th Street, Rockaway Beach, New York. The contract provided, inter alia, that “ The seller shall give and the purchaser shall accept a title such as a Title Guarantee Company will approve and insure.” The parties made time of the essence on the adjourned date for the closing of title.
A title company was employed by the plaintiff to search the title. Its report specified the necessity for proof that one August Weidemann, the grantor under a deed appearing in the chain of title, was the same party described or named in a certain will as William August Weidemann. At closing the defendants offered an affidavit executed by one of the vendors as to such identification. The plaintiff, however, objected to the nature of this proof as coming from an interested source. The closer for the title company refused to pass on the sufficiency of the proof without the advice of his office, and neither accepted nor rejected the title at closing. The closer’s attempt to communicate with his office by telephone failed because of the lateness of the hour. There were no further adjournments, and the transaction for the sale of the property in question collapsed.
The trial court dismissed the complaint on the ground that the plaintiff had failed to sustain the burden of proof. Apparently the court placed the necessity of establishing that the title company actually rejected title on the vendee. The Appellate Term, however, reversed on the authority of Flanagan v. Fox (6 Misc. 132, affd. 144 N. Y. 706), and held that the vendors were strictly bound by the terms of their agreement to show performance of any condition necessary to put the vendee in default and that a covenant to tender a title subject to approval by a title company required a title actually approved by such company at the time of closing.
On this appeal the defendants rely on Eastman v. Horne (205 N. Y. 486), iu which the Fox case (supra) was distinguished as *456 involving a situation where the vendor had employed the title company. In passing, it may be noted that such distinction does not appear to be substantiated by the record on appeal in the Fox case. In the Eastman case, as here, the parties also covenanted for a title that a title company would approve and insure. There was judgment for the seller in a suit for specific performance. The decisive factor in the case appears to have been that the vendee’s failure to employ a title company constituted a waiver of the covenant. This action at law, however, presents an entirely different situation on the facts in that the plaintiff vendee did engage a title company and was not guilty of any conduct to prevent the defendants from full performance of their contract.
In any event, this case does not turn on the question as to which of the parties was to employ the title company. The decision depends on the narrow point whether a vendee establishes a breach of contract for the sale of realty by merely showing that the arbiter of title under the contract did not agree to approve the title on closing, or whether he must also show that the title company actually rejected the same as defective or unmarketable. We think that the rule to be applied in the circumstances of this case was stated in Flanagan v. Fox (supra) as follows: “In every such case the procurement of the act of such third person constitutes a condition precedent to the right to require performance by the other of the contracting parties; and if the condition is not complied with the latter cannot be required to perform.” (6 Misc. 132, 135.)
Concretely, this means that the contractual provision for title company approval of the title to the property in question required the vendors to obtain such approval. Here the defendants knew in advance of closing that it would be necessary to furnish proof as to the identity of August Weidemann. They also knew that time was of the essence on the adjourned date for closing under the contract of sale. They were obligated to furnish such affidavit or proof as would satisfy the representative of the title company at that time. They failed to meet this obligation or requirement. It cannot be said that the desire of the closer for the title company to communicate with his office was unreasonable, arbitrary or capricious.
While the trial court was correct in ruling that the plaintiff had the burden of proof in this case, it improperly held that the plaintiff failed to meet it. We think that such burden was amply .sustained by the proof on the record before us.
*457 The determination of the Appellate Term should he affirmed, with costs.
Glennon and Shientag, JJ., concur; Peck, P. J., and Van Voorhis, J., dissent and vote to reverse and reinstate judgment of City Court.
Determination affirmed, with costs to the respondent.