NEW-YORK,
May, 1834.

Strang
v.
Whitehead.

---

### STRANG & MANNING *vs.* WHITEHEAD.

Evidence of the value of the services of an attorney, in getting rid of an illegal arrest, is not admissible in an action of *false imprisonment* brought for such arrest, where such expenses are not specially laid in the declaration; expenses thus incurred are not the legal and natural consequences of the act complained of.

Where evidence, which may improperly influence the verdict, is allowed to be given, a new trial will be granted.

ERROR from the New-York common pleas. Whitehead sued Strang and Manning for *false imprisonment*, in arresting and holding him to bail in a suit prosecuted in the circuit court of the United States, in which the court had not jurisdiction. On the trial of the action for false imprisonment, the attorney of Whitehead, in the suit in the circuit court, testified that he acted as the attorney and counsel of Whitehead, and that he considered his services upon that occasion as worth $130. This testimony was objected to, because no special damage was alleged in the declaration; but the objection was overruled by the presiding judge, and the

evidence admitted : the judge observing that although dam-
ages could be recovered only for the imprisonment and duress
to which the plaintiff had been subjected, he perceived no ob-
jection to proof of the trouble and expense incurred by the
plaintiff in consequence thereof. The defendants excepted
to the decision. The jury found a verdict for the plaintiff for
$80 damages and six cents costs, on which judgment was en-
tered. The defendants sued out a writ of error.

NEW-YORK,
May, 1834.

Davis
v.
Darrow.

*S. Dutcher*, for the plaintiffs in error.

*I. L. Wendell*, for the defendants in error.

*By the Court*, SAVAGE, Ch. J. The expenses incurred by
Whitehead, consequent upon his arrest, were not stated in the
declaration ; and as it cannot be said that they were the legal
and natural consequence of the arrest, the judge erred in re-
ceiving the testimony objected to. It is wrong to permit any
evidence to be given to a jury but such as may properly in-
fluence their verdict. The admission of that objected to in
this case was an infringement of this rule. The judgment
must be reversed.

Judgment reversed, and *venire de novo.*