By the Court—Woodruff, J.
This is an action brought upon a policy of insurance to recover for goods consumed by fire, which destroyed the buildings 67 and 69 Poplar street, Brooklyn, in which the goods were at the time of the alleged loss. Although other issues were in form raised by the defendants’ answer, the whole controversy at the trial was, whether the insured party had furnished to the defendants a true account of his loss, or had fraudulently overstated the quantity or value of the goods burned.
*232 Or as the counsel for the plaintiffs in his printed points states.the only controversy, “the defense was a false and fraudulent over valuation of the goods, and that Morrell ’’ (the insured, party and assignor of the plaintiffs) “had furnished a false account' to defendants of the amount of loss.”
From the judgment entered upon a verdict for the plaintiffs, the defendants have appealed. By that appeal they have brought under consideration the exceptions taken by their counsel to the rulings of the Judge at the trial and nothing else.
The counsel for the respondents has prepared points on several questions which might properly be. considered, if this were a motion for a new trial, viz.: whether the verdict was warranted by the evidence ? What is the preponderance of the testimony ? Whether the verdict ought not to be deemed conclusive ? And whether upon the whole case it does, not appear that justice has been,done? Upon a perusal of the whole of the testimony we quite agree with the counsel for the respondent, and there is so little reason to believe that any injustice' has been done, that if this case was. before us, on a motion for a new trial which is addressed ' in some degree to the discretion of the court, we should hesitate long before granting the motion for any error committed on the trial.
But the appellants are here insisting on their strict rights.
They rely on their exceptions, and unless we can say that by no possibility can they have been prejudiced by the ruling of the Judge,' they are entitled to a reversal, if that ruling was erroneous.
It appeared that there was insurance upon, the goods to the amount of $3,000. The proofs of loss stated the amount and value of the goods destroyed, to be $3,461.64, and the contest was, whether this was not a false an.d fraudulent overstatement .of the amount and value of the goods. The insured party also owned the building, and the plaintiffs voluntarily proved that there was also an insurance on the building to the amount of $5,000. The plaintiffs then inquired “ what was the building worth?” and the defendants objected to the inquiry, but the objection was overruled, and the defendants excepted.
■ The answer of the witness stated the value of the building to be $7,000 to $8,000.
*233 If there had nothing more appeared in the case on this subject, we should have.felt much inclined to say that without imputing gross ignorance or want of common sense to the jury, we could not declare that by any possibility this evidence could have injured the defendants, because proof that the building was worth any sum whether greater or less, did not in any degree tend to show how many goods were stored therein nor what was their value.
But on the examination of the defendants’ wituesses the object of this inquiry seems to have been seen. The defendants examined a witness who testified that the building was only worth $3,500: and it may have been apprehended that the defendants would insist that such proof tended to show a fraud connected with the same subject matter, indicating a design to defraud the Insurance Companies who were liable for the damage done by the fire. And perhaps, also that there was a motive to. burn the property voluntarily to obtain the insurance, in the fact that the building was insured for more than its value. And thereupon when the defendants inquired of a second witness what was the value of the building, the plaintiffs’ counsel objected to the quesr tion, and the court sustained the objection, and the defendants excepted.
Now, evidence of the value of the building was admissible or it was not. If it was admissible when offered by the plaintiffs, it was clearly competent for the defendants to give proof on the same subject to contradict the plaintiffs’ witness or .to rebut the inference which might otherwise be drawn from his testimony. If it was not admissible when offered by the plaintiffs, then the testimony should have been rejected, and the defendants’ exception was well taken. Whether admissible or not, the plaintiffs having insisted upon it and the Court having received it in spite of the defendants’ objection, it was clearly competent for the defendants to rebut and fully overcome it.
The ruling of the Judge on admitting, the testimony was accompanied with a statement that he should not permit any lengthened inquiry in regard to the value of the building, and on his subsequent Rejection of the defendants’ proof he repeated the statement and suggested that the inquiry had gone far *234 enough. This would indicate that the reception or rejection of the testimony was deemed a matter resting in discretion.
We do not understand that it was matter of discretion, when one witness had been examined on each side to the point of inquiry, to refuse to the defendant the opportunity to turn the scale by another witness. The discretion which ■ the Court may sometimes exercise in controlling the number of witnesses examined to a single point to prevent a useless waste of time, can have no application to this case.
That testimony may sometimes be so entirely irrelevant that the Court can say, even upon a bill of exceptions, that its reception could not possibly have affected the result, and may therefore refuse to reverse on that ground, has been held. See on that subject, Forrest v. Forrest, (6 Duer, 145, 146,) and cases there collected in which the subject is discussed.
On a motion fpr a new trial a liberal discretion, when the verdict is clearly right, is exercised. But on exception to the ruling the conclusion must be inevitable that the error could not affect the result or the verdict must be set asidei In Whiting v. Otis, (1 Bosw., 420,) it was deemed clear that the irrelevant and incompetent evidence was calculated to prejudice the defendant. In Strang v. Whitehead, (12 Wend., 64,) on writ of error it was said by the Court, that “it is wrong to permit any evidence to be given to the jury but such as may properly influence their verdict,” and the judgment was reversed.
In Farmers' and Mechanics' Bank v. Whinfield, (24 Wend., 420,) it is held that “it does not follow that because irrelevant testimony has been given on one side, though without objection, the other has a right to give evidence in reply;” and authorities are cited to that proposition. But in the same case it was held, that on exception the party objecting “is entitled to his neat point that the testimony is irrelevant,” and although if the Court can see that it must necessarily have tended in his own favor or that it could not possibly prejudice his case,, that might be an answer; yet, so long as the chance is equal that it may have had some effect one way or the other, the party is entitled to the benefit of the principle that irrelevant testimony should be shut out .from the jury. And the Court add, with singular aptness to the present case, “ above all, if the testimony be permitted to *235 go to the jury, he should have a chance to set it right by explanationwe add, much more should he be permitted to contradict and overcome it.
As already suggested, if the testimony was relevant, the defendants had a strict right to have the counter-testimony received. If it was not relevant, it was nevertheless so treated by the plaintiffs and insisted upon by them, and so received by the Court, and being received, we cannot say that it could not have influenced the jury on the question of the plaintiffs’ good faith, or possibly by exciting their sympathy in behalf of the assured.
We think the verdict ought otherwise to be sustained, but are compelled to reverse the judgment for the error mentioned.
Judgment reversed, and new trial ordered. Costs to abide the event.