NEWMAN v. SEIFTER et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

APPEAL AND ERROR (§ 231*)—OBJECTIONS TO EVIDENCE—SUFFICIENCY.

An objection to evidence of a special damage not pleaded was insufficiently pointed out and preserved by objections that the evidence could not be given under the complaint and that such damage was not included in the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299, 1352; Dec. Dig. § 231.*]

Appeal from Municipal Court of New York.

Action by Selina R. Newman against Sadie Seifter and another. From a judgment for plaintiff, defendants appeal. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Edward Snyder, for appellants.
Arthur Weil, for respondent.

GAYNOR, J. Error is claimed in the admission of evidence of the services of counsel in vacating the attachment as an item of damage. Although the trial judge permitted himself to be harassed with 40 or more crude and repetitious objections to such evidence, instead of stopping them, the precise objection now urged was not presented, viz., that such expense was "special damage" and not pleaded. Strang v. Whitehead, 12 Wend. 64; Blynn v. Smith, 22 N. Y. St. Rep. 69. This objection is highly technical and has to be presented with precision like all special or technical objections. To loosely object that the evidence cannot be given under the complaint, or that such damage is not included in it, is too general. It does not point out to the court any precise objection. It was the duty of the attorney for the defendant to point out to the court that there is a rule of pleading that all special damage has to be specially pleaded, item by item, in order to be proved, and show that the damage came under that head.

The judgment should be affirmed.

Judgment and order of the Municipal Court affirmed, with costs. RICH, J., concurs. WOODWARD, JENKS, and MILLER, JJ., concur in result.