CARROLL v. TITLE GUARANTEE & TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department.   March 12, 1909.)

1. VENDOR AND PURCHASER (§ 144*)—CONSTRUCTION OF CONTRACT—TITLE OF VENDOR—PERFECTING TITLE.

By a contract to convey, subject to a covenant as to the pollution of a creek and a condition in a deed made by a remote grantor that a dog should not be kept on the premises, it was agreed that the vendor should deposit a certain sum with a title guarantee and trust company, to be paid the purchaser if after 18 months from delivery of the deed vendor did not perfect, obtain, and record a proper release of the conditions in accordance with the judgment of the company's counsel. *Held*, that the parties contemplated a release by some one who might have a right to claim a forfeiture on breach of the condition, if it be such, or damages for breach of the covenant, if it be such, and that an instrument, executed and recorded by vendor, purporting to release any right of forfeiture, re-entry, or reverter, which she might have, did not entitle her to the deposit on refusal of the company to approve the release, and that it was immaterial in this respect whether the provision in the contract was a condition or a covenant, or whether the provision rendered the title marketable.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 271, 275;  Dec. Dig. § 144.*]

2. CONTRACTS (§ 143*)—CONSTRUCTION—POWER OF COURT—RELIEF AGAINST UNWISE PROVISIONS.

The court cannot substitute a different contract from the one actually made, because it may think the party bound unwise in making it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 723;  Dec. Dig. § 143.*]

3. VENDOR AND PURCHASER (§ 130*)—MARKETABLE TITLE.

If a contract is silent respecting an alleged condition or covenant in the deed, the law would determine whether the title was marketable; but the court cannot decide that to be immaterial which the parties agreed was a defect to be cured by a release or allowed for in fixing the price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246;  Dec. Dig. § 130.*]

Appeal from Special Term, Suffolk County.

Action by Lucy A. Carroll against the Title Guarantee & Trust Company and another.  The complaint was dismissed, and plaintiff appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robert H. Griffin, for appellant.
Edward M. Perry, for respondents.

MILLER, J.   On the 7th day of October, 1907, the plaintiff and the defendant Adams entered into a contract of purchase and sale of certain real property, containing the following provision:

"Said premises are to be conveyed subject to a covenant as to the pollution of Awixa creek, set forth in Liber 383 of Conveyances, page 36; and as to the condition in Liber P of Conveyances, page 198, the vendee agrees not to make any objection to said title upon the following terms and conditions: There shall be deposited with the Title Guarantee & Trust Company the sum of twenty-five hundred (2,500) dollars, to be held by said company on or before eighteen (18) months from the date of the delivery of the deed. ' If before the expiration of said 18 months the said vendor shall have perfected and obtained and recorded a proper release of the conditions set forth in said deed, in accordance with the judgment of the counsel of the said Title Guarantee & Trust Company, then and in that event the said twenty-five hundred (2,500) dollars shall be returned to the vendor. In case, at the end of said eighteen months, as aforesaid, the vendor shall not have obtained such release as aforesaid, then and in that event said money shall be paid to the vendee, and his executors or administrators, in full release for all penalties or claims of any kind against the vendor because of such conditions."

Pursuant to that contract, a deed was executed and delivered on the 15th day of October, 1907, and the purchase price was paid as provided in said contract; the sum of $2,500 being deposited by the vendee with the defendant the Title Guarantee & Trust Company, pursuant to the provision above quoted. The alleged condition, referred to in the contract of sale, related to one-half acre of the premises contracted to be conveyed, and was contained in the habendum clause of a deed of said half acre, made in 1832 by a remote grantor, which was as follows:

"To have and to hold the above granted, bargained, and described premises, with the appurtenances, unto the said party of the second part, his heirs and assigns, to his and their own proper use, benefit, and behoof, forever, with this express reserve, and these presents are upon the express condition, that the said party of the second part, his heirs and assigns, shall not at any time hereafter keep a dog upon the premises hereby sold, and in the nonperformance of this condition these presents shall immediately be and become void."

On the 10th of January, 1908, the plaintiff executed and recorded an instrument which purported to release any right of forfeiture, reentry, or reverter which she might have by reason of said alleged condition, and demanded the sum deposited with the defendant the Title Guarantee & Trust Company as aforesaid. This suit is brought to recover the money thus deposited; but it is, in effect, a suit to modify a contract by striking therefrom a provision as having been unwisely agreed to by the plaintiff.

There can be no doubt that the alleged release, tendered by the plaintiff, was not the release which the parties contemplated the plaintiff would perfect, obtain, and record. Therefore the refusal of the Title Guarantee & Trust Company to approve it as such a release was not unreasonable, arbitrary, or capricious, if that be of importance. Obviously the parties contemplated a release by some one who might have the right to claim a forfeiture for the breach of the alleged condition, if it be a condition, or damages for breach of the covenant,

if it be a covenant. The instrument executed by the plaintiff was a nullity.

The able discussion of counsel respecting the question of whether the said provision was a condition or a covenant seems to us entirely aside from the question involved on this appeal; nor do we think it material to inquire whether that provision renders the title unmarketable. The parties have expressly stipulated what its effect shall be, namely, that, unless the plaintiff could within 18 months procure a release of it, the $2,500, deposited with the Title Guarantee & Trust Company, should be returned to the vendee "in full release for all penalties or claims of any kind against the vendor because of such conditions." In effect, the plaintiff sold the property for $68,000 if she could procure the release provided for, and for $65,500 if she could not. Though the title may have been marketable, the vendee was not obliged to contract for it; and the court cannot substitute a different contract in place of the one actually made, because it may think that the plaintiff was unwise in making it. If the contract had been silent respecting the alleged condition or covenant, the law would determine whether the title was marketable; but the court cannot decide that to be immaterial which the parties agreed was a defect to be cured by a release or to be allowed for in fixing the purchase price. The principle of Flanagan v. Fox, 6 Misc. Rep. 132, 26 N. Y. Supp. 48 affirmed on the opinion below 144 N. Y. 706, 39 N. E. 857, is applicable, and controls the decision of this case.

The judgment is affirmed.

Judgment unanimously affirmed, with costs. All concur.