MARCUS E. CUMMINGS, Trading as M. R. FLOORING CO., Plaintiff, *v.* BROADWAY-94TH STREET REALTY CO., INC., Appellant, Respondent, Impleaded with HEDDEN IRON CONSTRUCTION COMPANY and Others, Defendants, and POLLACK & O'NEILL, INC., Respondent, Appellant.

First Department, April 8, 1921.

Liens — mechanics' liens — default by owner in payment relieves contractor from agreement not to file lien — guaranty of payment signed by president of owner individually is unilateral contract and ineffective as between owner and contractor — interest not allowed on contractor's unliquidated claim.

Default by an owner in making payments to a contractor relieves the latter from its agreement not to file a notice of lien.

An agreement signed by the president of the owner individually, but not by the owner or the contractor guaranteeing payments to the latter, is unilateral, and ineffective as between the owner and contractor. A contractor is not entitled to interest on an unliquidated claim.

APPEAL by the defendant, Broadway-94th Street Realty Co., Inc., from a judgment of the Supreme Court in favor of defendant Pollack & O'Neill, Inc., entered in the office of the clerk of the county of New York on the 17th day of June,

1920, on the decision of the court, rendered after a trial at the New York Special Term, awarding to defendant Pollack & O'Neill, Inc., the sum of $5,175.60, and adjudging a lien for that amount against the premises described in the complaint, and also from an intermediate order entered in said clerk's office on the 26th day of November, 1919, denying appellant leave to serve an answer. With respect to the last-mentioned appeal it suffices to state that though there was no formal answer, the case went to trial with the understanding that all the allegations of the complaint were deemed controverted and all defenses interposed.

Appeal by the defendant, Pollack & O'Neill, Inc., from so much of said judgment as disallows said defendant interest on the amount of the judgment from September 14, 1917, to the date of the entry thereof.

*Joseph A. Seidman,* for the defendant Broadway-94th Street Realty Co., Inc.

*Albert M. Lee,* for the defendant Pollack & O'Neill, Inc.

GREENBAUM, J.:

Before the case went to trial the action was discontinued so far as the plaintiff was concerned and thereafter was treated as though Pollack & O'Neill, Inc., was the plaintiff and the Broadway-94th Street Realty Co., Inc., the defendant. The facts, briefly stated, are: That the contractor had entered into a contract with the owner for the purpose of doing certain plumbing work in connection with the erection of the building known as the Hotel Apthorp situated at Broadway and Ninety-fourth street, borough of Manhattan.

The Broadway-94th Street Realty Co., Inc., was the owner in fee of a part of the premises covered by the building and the lessee of one Higgins as to the remainder. Contemporaneously with the making of the plumbing contract in question, the contractor executed what has been called a release of lien for a valuable consideration under which it agreed " not to file any liens or claim against the said Higgins personally or against the aforesaid premises, or any part thereof, or against any building or buildings or other improvements erected or made, or to be erected or made thereon or against

the leasehold interest aforesaid, for any work that the said contractor might at any time do under the contract herein above referred to, * * * and further covenanted to release and in and by the said instrument did release the premises above referred to and each and every part thereof, and any and all buildings or improvements erected thereon, from any and every lien, charge or claim of any nature whatsoever that defendant Pollack & O'Neill, Inc., might or could otherwise at any time have against the same, or any part thereof, for work done or to be done or materials furnished or to be furnished, or upon any other ground whatsoever growing out of or in any way connected with or relating to the erection and construction of any building or buildings upon the said premises."

The court found with respect to this release that the owner's defaults in making payments under the contract relieved the contractor from observance of the provisions thereof, relying upon *Greenfield* v. *Brody* (204 N. Y. 659) and *Kertscher & Co.* v. *Greene* (205 id. 522). The authorities just cited seem fully to justify the proposition that default in payment relieved the contractor from its agreement not to file a notice of lien. The opinion in the *Kertscher Case* (*supra*) indicated that substantially the same question as is here presented was decided in *Greenfield* v. *Brody* (*supra*), which affirmed without opinion the Second Department's affirmance without opinion, 139 Appellate Division, 936.

The owner also urges that in addition to the release which was executed when the contract was made, the contractor subsequently again agreed not to file a notice of lien. It appears that the court found upon the owner's request without, however, embodying it in the decision as follows:

" 15. That on or about the 7th day of April, 1917, the said Pollack & O'Neill threatened to file a notice of·lien against the said premises and then and there demanded of one Harry Schiff, the then president of the Broadway-94th Street Realty Co., Inc., that he, said Harry Schiff, execute and deliver to the said Pollack & O'Neill, Inc., an instrument in writing guaranteeing the payment of the amount claimed to be due under and by virtue of said contract between the said Pollak & O'Neill and the said Broadway–94th Street

Realty Co., Inc., and in consideration thereof the said Pollack & O'Neill, Inc., then and there promised and agreed not to file any notice or claim a lien by virtue of the improvements that were to be made in connection with the said premises and under and by virtue of said contract entered into between the said Broadway-94th Street Realty Co., Inc., and said Pollack & O'Neill, Inc., aforesaid, and that relying upon said agreement, the said Harry Schiff then and there did execute and deliver to the said Pollack & O'Neill, Inc., an instrument in writing guaranteeing such payment."

The guaranty referred to was only executed by Schiff in his individual capacity under date of April 9, 1917, when the work was nearing completion. After reciting in the preamble that certain disputes have arisen between Pollack & O'Neill., Inc., and the Broadway-94th Street Realty Co., Inc., the agreement reads as follows:

" In consideration of the sum of one dollar, paid by each of the parties and other consideration: 1. Said Pollack & O'Neill will proceed with the work called for by said contract and complete the same with all possible diligence and dispatch according to the terms of the contract aforesaid and any modifications thereof heretofore made. 2. Said Harry Schiff guarantees that if the said Broadway-94th Street Realty Co., Inc., defaults in making any of the payments specified in said contract as the same shall become due, owing and payable, that he will pay the amount of any such installments in the payment of which, such default shall have been so made; provided, however, that said Harry Schiff shall not be called upon to pay any amount in arrears until the expiration of thirty days after written notice by registered mail given him of such defaults is given by Pollack & O'Neill to said Harry Schiff. " Dated New York April 9th, 1917."

" (Signed)  HARRY SCHIFF."

The contract as executed was unilateral and contains no recital whatever that Pollack & O'Neill, Inc., would not file a lien although in view of the finding of the court we must assume that it so agreed.

The contract of guaranty being only signed by Schiff individually and by neither of the parties to this action, the " fifteenth"

finding was superfluous and wholly unnecessary to the decision and evidently was thus treated by the trial court. Assuming that Pollack & O'Neill, Inc., did not live up to its agreement with Schiff that might relieve Schiff from his guaranty but would not affect the rights of the parties to this action.

As to the contractor's appeal that it was entitled to interest, it seems to us that there is sufficient evidence to justify the court's ruling that the claim was an unliquidated one and carried no interest with it.

The judgment is affirmed, with costs to defendant Pollack & O'Neill, Inc.

CLARKE, P. J., DOWLING and PAGE, JJ., concur; SMITH, J., concurs in result.

Judgment affirmed, with costs to defendant Pollack & O'Neill, Inc.