No. 16, original. NEW JERSEY *v.* NEW YORK ET AL. May 25, 1931.

DECREE

This cause came on to be heard by this Court upon the exceptions filed by the complainant and defendants to the report of the Special Master, and was argued by counsel for the States of New Jersey, New York, Pennsylvania and the City of New York.

On consideration whereof, it is now here ordered, adjudged, and decreed by this Court, as follows:

1. That the injunction prayed for by the State of New Jersey so far as it would restrain the State of New York or City of New York from diverting from the Delaware River or its tributaries to the New York City water supply the equivalent of 440 million gallons of water daily be, and the same is hereby, denied, but is granted to restrain the said State and City from diverting water in excess of that amount. The denial of the injunction as above is subject to the following conditions.

(a) Before any diversion shall be made an efficient plant for the treatment of sewage at Port Jervis, New York, shall be constructed and the sewage of Port Jervis entering the Delaware or Neversink Rivers shall be treated to such an extent as to effect a reduction of 85% in the organic impurities. And the effluent from such plant shall be treated with a chemical germicide, or otherwise, so that the B. coli originally present in the sewage shall be reduced by 90%.

Untreated industrial waste from plants in said town of Port Jervis shall not be allowed to enter the Delaware or Neversink Rivers, and the treatment of such industrial wastes shall be such as to render the effluent practically free from suspended matter and non-putrescent; and said

806

treatment of sewage and industrial waste shall be maintained so long as any diversion is made from the Delaware River or its tributaries.

(b) At any time the stage of the Delaware River falls below .50 c. s. m. at Port Jervis, New York, or Trenton, New Jersey, or both (.50 c. s. m. being equivalent to a flow of 1535 c. f. s. at Port Jervis and 3400 c. f. s. at Trenton), water shall be released from one or more of the impounding reservoirs of New York City in sufficient volume to restore the flow at Port Jervis and Trenton to .50 c. s. m., provided, however, that there is not required to be released at any time water in excess of 30% of the diversion area yield, and the diversion area yield having been ascertained to be 2.2 c. s. m., the maximum release required shall be 30% of that amount, or .66 cubic feet per second per square mile of the areas from which water is diverted.

In determining the quantity of water to be released so as to add to the flow of the Delaware River, the Neversink River shall be treated as if it flowed into the Delaware River above Port Jervis, and the number of second feet of water released from the impounding reservoir on the Neversink River shall be added to the number of second feet of water released from other reservoirs, so as to determine whether the quantity of water, required by this decree to be released, has been released.

(c) That the State of New Jersey and the Commonwealth of Pennsylvania, through accredited representatives, shall at all reasonable times have the right to inspect the dams, reservoirs and other works constructed by the City of New York and to inspect the diversion areas and the inflow, outflow and diverted flow of said areas, and to inspect the meters and other apparatus installed by the City of New York and to inspect all records pertaining to inflow, outflow and diverted flow.

2. The diversion herein allowed shall not constitute a prior appropriation and shall not give the State of New

York and City of New York any superiority of right over the State of New Jersey and Commonwealth of Pennsylvania in the enjoyment and use of the Delaware River and its tributaries.

3. The prayer of the intervener, Commonwealth of Pennsylvania, for the present allocation to it of the equivalent of 750 million gallons of water daily from the Delaware River or its Pennsylvania tributaries is denied without prejudice.

4. The prayer of the Commonwealth of Pennsylvania for the appointment of a river master is denied without prejudice.

5. This decree is without prejudice to the United States and particularly is subject to the paramount authority of Congress in respect to navigation and navigable waters of the United States, and subject to the powers of the Secretary of War and Chief of Engineers of the United States Army in respect to navigation and navigable waters of the United States.

6. Any of the parties hereto, complainant, defendants or intervener, may apply at the foot of this decree for other or further action or relief and this Court retains jurisdiction of the suit for the purpose of any order or direction or modification of this decree, or any supplemental decree that it may deem at any time to be proper in relation to the subject matter in controversy.

7. The costs of the cause shall be divided and shall be paid by the parties in the following proportions: State of New Jersey 35 per cent, City of New York 35 per cent, State of New York 15 per cent, Commonwealth of Pennsylvania 15 per cent. [See *ante,* p. 336.]