ROCKAWAY SASH & DOOR CO., INC., Plaintiff, *v.* NATHAN SOMAN and Others, Defendants.

Supreme Court, Kings County, December 13, 1932.

*Samuel Horowitz,* for the plaintiff.

*Harry Grayer,* for the defendants Alliance Casualty Company and Fidelity and Deposit Company of Maryland.

*Silver & Hennock* [*Julius Silver* of counsel], for Irving Trust Company, trustee in bankruptcy, substituted for defendant Soman.

*David I. Silverman,* for defendant Frogel.

CONWAY, J. On January 20, 1930, defendant Soman and the city of New York entered into a contract pursuant to which Soman agreed to furnish all labor and materials in the general construction of a certain improvement in the Homicide Court Building in the

borough of Brooklyn. The agreed price and reasonable value of the labor and materials, together with certain extras, amounted to the sum of $76,815.77. After entering upon the performance of his contract, Soman engaged numerous subcontractors. He also employed the defendant Kaminetsky to supervise the construction. With the exception of two of the subcontractors, all of the latter as well as Kaminetsky, agreed not to file or claim any lien against Soman's contract with the city. On October 3, 1930, Soman executed and delivered an assignment to defendant Frogel of all the money then due or to become due under his contract with the city. This assignment was made as collateral security for an alleged usurious loan by Frogel to Soman of the sum of $10,000. At that time the balance of moneys due to Soman from the city under their contract amounted to $16,300. Subsequent to the execution of the assignment by Soman to Frogel, the various subcontractors, including those who had agreed to file no liens, and Kaminetsky, filed liens against the fund due from the city to Soman. During the month of March, 1931, plaintiff herein, one of the subcontractors, commenced the present action to foreclose one of the above mentioned alleged liens. Soman, the various subcontractors, Kaminetsky, the assignee Frogel, and certain surety companies were named as parties defendant. The defendant Soman on or about January 13, 1932, was adjudicated a bankrupt in the United States District Court for the Southern District of New York and the Irving Trust Company was appointed trustee of his estate. By an order of the Supreme Court, dated February 19, 1932, the trustee was substituted as defendant in the place and stead of defendant Soman. By stipulation the trustee adopted as its own the answer interposed by Soman. The trustee urges as against Frogel that the assignment to the latter of the moneys due Soman from the city is void as having been given upon a usurious loan; and, as against the subcontractors and Kaminetsky, that the alleged liens filed by the latter are invalid. I think the testimony offered upon the trial of the action convincingly indicates that the assignment executed by Soman to Frogel was based upon a usurious loan. This finding is supported by many corroborative circumstances, disclosed upon the trial, which lead to a like conclusion.

In the present case the trustee is asserting no affirmative claim as against the assignee, but is urging the fact of usury as a defense to the latter's claim arising upon the assignment. This defense is available to the trustee. In *Matter of Kellogg* ([C. C. A.] 121 Fed. 333, 334) it was pointed out: " That a trustee who takes title solely by the operation of the bankrupt law is a privy in estate with the borrower, and stands in the same relation to the mortgagee

as the bankrupt, so far as the defense of usury is concerned, seems to be pretty well settled. The general rule as stated in *Knickerbocker Life Ins. Co.* v. *Nelson* (78 N. Y. 150) is as follows: ' All privies to the borrower, whether in blood, representation or estate, may, both in law and equity, by appropriate legal and equitable defenses, attack or defend against contract or *security* given by the borrower, which is tainted with usury, or on the ground of such usury, where such contract or security affects the estate derived by them from the borrower.' '' Upon the trial of the action the trustee made certain concessions regarding the various amounts due the subcontractors, but it contends that, by reason of the latter's agreements to file no liens, they were precluded from filing valid liens. The subcontractors, on the other hand, argue that in view of the fact that Soman breached his contract by his failure to make payments to them when due, and the further fact of the assignment to Frogel of the fund due from the city, they were relieved of the provision in their agreement relating to the filing of no liens. Under the provision in these contracts, in so far as material herein, the subcontractors and Kaminetsky substantially agreed not to '' place, file, or claim any mechanic or other lien against the property of the owner or against the contract between the owner and the party of the second part [Soman] under the provisions of any law *or for any reason whatever.*'' (Italics mine.) Under the terms of the foregoing agreements, therefore, the obligation on the part of the subcontractors not to file liens was unconditional and unqualified. Such obligation was in consequence not dependent upon any requirements that Soman reserve to himself a right to the fund when due and payable from the city in order to insure payment to the subcontractors out of it. That this fund should remain intact was neither an express nor an implied condition of the contract and, therefore, no violation was committed by the assignment. On the other hand, the failure to incorporate in the contract a provision prohibiting the assignment of the fund is consistent with the conclusion that the subcontractors relied, in part at least, upon the general financial responsibility of the contractor Soman. In consequence the assignment of the particular fund due from the city did not constitute a breach by Soman of his contract.

In this respect the present case is clearly distinguishable from *Greenfield* v. *Brody* (204 N. Y. 659), relied upon by the subcontractors. In the latter case the contract was for the construction of several houses. The contractors agreed with the owner to file no liens against the property. As part consideration for their services it was further agreed that the contractors would be paid by the conveyance to them of two of the houses under construction.

Under the contract, therefore, the owner could meet his obligation only in that manner. In spite of this fact, however, the owner transferred the property to persons other than the contractors. It was held that such breach on the part of the owner authorized the contractors to file a notice of lien, notwithstanding the fact that they had agreed not to do so. In commenting upon the *Greenfield* decision, in a later case the Court of Appeals stated: " Obviously, the basis of the decision was predicated upon the fact that the owner of the property *had put it out* of his power to perform." (*Cummings* v. *Broadway-94th St. Realty Co.*, 233 N. Y. 407, at p. 411.) In the present case, however, although Soman did in fact assign all moneys due or payable under his contract with the city, such transfer did not *per se* indicate that he had rendered performance on his part impossible. It did not indicate that he " had put it out of his power to perform." (*Cummings* v. *Broadway-94th St. Realty Co., supra.*) Such transfer was not a violation of any obligation under his agreement and it did not, in consequence, create a right in the subcontractors to file liens in direct violation of their promise not to do so " for any reason whatever." On the other hand, in spite of such assignment, as a legal proposition, it was still entirely possible that payment to the subcontractors might have been had by recourse to Soman's general financial responsibility. The court must of necessity base its determination upon such agreement as the parties themselves. have made. It cannot vary or add to the terms thereof for the purpose of securing additional protection where a party himself has neglected thus to provide. The subsequent insolvency or bankruptcy of one party to a contract, even though it impairs the possibility of ultimate satisfaction obtainable by the other, while unfortunate, affords no basis for reaching a conclusion as to the right of the parties other than justified by the terms of the contract into which they have entered. The subcontractors also rely upon *Kertscher & Co.* v. *Green* (205 N. Y. 522). But as pointed out in the later case of *Cummings* v. *Broadway-94th St. Realty Co.* (*supra*), the decision in the *Kertscher* case " was placed upon the provisions of the contract there involved, the court reaching the conclusion that the agreement not to permit liens to be filed referred only to liens filed against the contractor by workmen, subcontractors or materialmen. * * * The doctrine of the *Kertscher* case *ought not to be extended, but should be confined to what was there decided.*" (Italics mine.) I do not find upon the situation here disclosed that the *Kertscher* case is authoritative. The contention by the subcontractors that the default by the contractor Soman in making payments, when due, relieved the former of their agreement not to file notices of lien cannot be sustained. A determination in support

of such contention was made in the *Cummings* case by the Appellate Division (196 App. Div. 194), but upon appeal the holding was unanimously reversed. In consequence the court is constrained to hold that there can be no judgment directing the foreclosure of the purported liens filed by the plaintiff Rockaway Sash and Door Company and the defendants Acme Lighting Fixture Company, Inc., the Angert Bronze Corporation, Catino & DeSiervi, Frank D'Aprile, the Eastern Bronze & Iron Works, Inc., H. B. Brown, Inc., J. Casteriono & Son Marble & Tile Works Company, Inc., Morris A. Kaminetsky, Lane Iron Works, Tucker Electrical Construction Company and Yesselson Bros. The defendant Eastern Linoleum & Carpet Company, Inc., a subcontractor, is not bound by any stipulation in its contract to file no lien. The trustee, however, challenges the validity of its lien among other reasons upon the ground that the notice thereof was not duly verified in accordance with the statute. The fact that there was no verification was conceded upon the trial.

The court is in consequence compelled to sustain the trustee's contention with respect thereto. (*Dwelle-Kaiser Co.* v. *Frid*, 139 Misc. 83; *Kingston* v. *M. S. Const. Corp.*, 249 N. Y. 533.) The trustee urges that no affirmative relief may be granted defendant Pomerantz Parquet Flooring Company, Inc., since the latter failed to serve an answer upon the defendant Soman. The provision of section 264 of the Civil Practice Act, requiring service of the answer upon a party to be affected by the determination, is peremptory, and no affirmative relief can be granted in favor of one defendant against another in the absence of such service. (*New Netherland Bank of New York* v. *Boucheron Co.*, 122 Misc. 690; *Atlantic Terra Cotta Co.* v. *Rubenfeld Const. Corp.*, 126 id. 279.) Certain of the subcontractors herein seek to hold the defendant surety companies to liability upon a certain bond executed by the latter. A consideration of the terms of the bond, however, indicates that it was not given for the benefit of the subcontractors, but rather for the benefit of the city of New York. To hold that the instrument in question was intended to operate as a guaranty to the subcontractors would be to read into it something to which the parties thereto had not agreed. As stated in *Eastern Steel Co.* v. *Globe Indemnity Co.* (185 App. Div. 695, 696): " The bond does not purport on its face to be given for the benefit of the laborers or materialmen, but is given to the city of New York and is exacted as security against liens arising out of the prosecution of the work. In order for this bond to be enforceable against the surety it would be necessary for the city to be under some duty or obligation to the materialmen. In other words, there would have to be some privity between the promisee and the party to be benefited, and some obligation or

duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise." (See, also, *Eastern Steel Co.* v. *Globe Indemnity Co.*, 227 N. Y. 586, affg. 186 App. Div. 892; *Fosmire* v. *National Surety Co.*, 229 N. Y. 44.) I am, therefore, of the opinion that no basis for relief against the defendant surety companies has been stated.

Judgment to be entered, without costs, in accordance with the foregoing. Settle findings and conclusions on notice.