(May 14, 1951.)

In the Matter of NASSAU COUNTY Relative to Acquiring Title to HORSE BROOK, WESTERLY BRANCH, from Northerly Line of New York Telephone Company, Northerly to Bedell Street, in the Village of Hempstead. WILMORE REALTY CORP., Appellant; MARY D. LANSING et al., Respondents.

MEMORANDUM BY THE COURT. In a condemnation proceeding, it appears that an eight-foot strip of the parcel in suit, and a right of way to adjoining premises, were taken by the County of Nassau; that more than a year thereafter respondents contracted to convey the whole parcel and their rights in the right of way to appellant; that the contract provided that the sale was subject to the acquisition by the county of the eight-foot strip; that thereafter title passed to appellant, respondents delivering a bargain and sale deed purporting to convey the whole parcel, by metes and bounds, and the right of way; that the deed did not except the eight-foot strip referred to in the contract. It also appears that upon the closing of title an affidavit of title was furnished by one of the respondents; that appellant executed a purchase-money mortgage describing the whole parcel by metes and bounds, referring to the right of way, and warranting title; that subsequent to the delivery of title it became known that an award had been made for the taking of the eight-foot strip and the right of way in the name of an unknown owner, and the award deposited. Both parties hereto petitioned the court in the condemnation proceeding for payment of the award. It appears from the petitions that at the time of entering into the contract neither party knew that title had vested in the condemnation proceeding. Respondents made no formal claim to the award until more than a year and a half after title had passed to appellant, and then only after prior claims had been made by appellant and another person. Respondents contended that they are entitled to the award inasmuch as they were the owners of the parcel at the time of the taking in condemnation. The appellant contended that on the facts the parties intended an equitable assignment of the award to the appellant. The application of the respondents, sellers, was granted, and the application of the appellant, purchaser, was denied.

Orders of the County Court, Nassau County, reversed on the law and the facts, with one bill of $10 costs and disbursements, respondents' application denied, without costs, and appellant's application granted, without costs; the order to provide that there shall be paid to appellant out of the amount of the award now on deposit with the County Treasurer, Nassau County, as compensation to the owner of Parcel No. 2 herein, such amounts as the court shall determine.

From the facts stated in and inferable from the record, it appears that the intention was that the sellers would convey the whole estate and interest described in the instruments or, in the event of their inability to do so, appellant was bound to accept an estate and interest diminished by a taking in condemna-

tion and to receive any award in condemnation in lieu of the portion of the estate and interest which the sellers might be unable to deliver. It reasonably appears from the record that the intention of the parties was to construe the written instruments made and delivered as assignments of the grantors' interest in the award made in condemnation.

CARSWELL, Acting P. J. (dissenting). On July 2, 1948, Mary, Samuel and Fletcher Lansing owned a parcel of real property in the village of Hempstead and contracted on that date in writing to' sell it to the Wilmore Realty Corp. for $72,000. On the westerly side of the tract there was a twenty-foot wide right of way, eight feet of which was owned by the Lansings or vendors and twelve feet apparently was part of an abutting tract. The contract, *inter alia,* contained a provision that the property sold was subject to the acquisition by the County of Nassau of the eight-foot strip along the westerly side of the property. On October 21, 1948, the Lansings delivered to the vendee a deed to the tract as described in the contract of sale by metes and bounds and their interest in the adjoining right of way. The vendee gave back to the vendors a purchase-money mortgage on the tract similarly described.

It is difficult to believe that the vendee did not know on the day the deed was delivered, as a consequence of a search of the title, that there had been a taking in condemnation of the character referred to in the contract and that it did not indulge in a strategic silence when getting the affidavit and the deed from the vendors. Nevertheless, we will assume that on the day the contract was made and on the day the deed was delivered, the parties were unaware that previously and on April 22, 1947, the County of Nassau had taken the eight-foot strip and right of way by. eminent domain as part of a taking of the entire twenty-foot right of way. Both parties later moved in the condemnation proceeding to claim the award which had been made September 9, 1949, to an unknown owner. The County Court has sustained the claim of the vendors. The vendee appeals.

The time of acquisition of title by the condemnor is the time when the right to compensation accrues. The then owners are entitled to receive the compensation under long-settled doctrine (*Matter of Van Etten* v. *City of New York,* 226 N. Y. 483, 489), unless they assigned the same, or the proof establishes an intention of the vendors and vendee that the award should be paid to the vendee. There was no assignment and the only pertinent evidence with probative force as to the intention of the parties is contained in the contract of sale which had a provision in effect reserving the award, if any should be made, to the vendors. The only reasonable construction of the contract provision is that the parties intended the price to be the same even if the eight-foot strip was taken in condemnation. The provision reads: " *Subject to:* ⸱ ᣕ ᣕ 5. Acquisition by the County of Nassau for drainage or sewer purposes of eight feet along the westerly line of said property."

It is understandable why the vendee agreed to such a provision in the contract of sale. If no taking in condemnation occurred, the owners of the tract would have the user of a twenty-foot right of way privately owned as indicated above. If a taking occurred, the owners of the tract would have the same user of the same right of way of the same strip owned and maintained by the county. A contrary intention or an assignment of the award cannot be spelled out of the fact that the taken land is described in a conveyance by the vendors to the vendee. The giving of an affidavit of title by the vendors, without knowledge of the taking by eminent domain, has no different effect than the giving of such a deed to which act it neither adds nor detracts. (*Matter of*

*City of New York* [*Rochester Ave.*], 241 App. Div. 614, affd. 264 N. Y. 607; *Matter of Mayor of City of N. Y.* [*Trinity Ave.*], 116 App. Div. 252; *Newman* v. *Seifter*, 131 App. Div. 151; *Matter of Sound Realty Co.* v. *Nicholson*, 262 App. Div. 81.)

The delivery of such a deed did not extinguish the vendors' rights in respect of the condemnation award expressly reserved in the contract to the vendors by the "subject" clause (*Morris* v. *Whitcher*, 20 N. Y. 41, 45–47; *Brunswick Constr. Co.* v. *Burden*, 116 App. Div: 468, 472; *Matter of Mayor of City of N. Y.* [*Trinity Ave.*], supra; *Matter of City of New York* [*Rochester Ave.*], supra). The case of *Magee* v. *City of Brooklyn* (144 N. Y. 265), invoked by the vendee is not to the contrary for the reasons stated with respect to it in *Patterson* v. *City of Binghamton* (154 N. Y. 391, 422) by O'BRIEN, J., who also wrote the opinion in the *Magee* case (cf. *Matter of Mayor of City of N. Y.* [*Trinity Ave.*], supra, p. 256). There is no pertinent evidence which has probative force under the above cases evidencing an intention of the parties that the vendee was to receive the award if one eventuated. The only specific evidence is the written provision in the contract, and that reinforces the view that the general rule controls, to wit, that the award should be paid to the vendors. When a contract is made by two persons dealing at arms length it is not a proper exercise of the judicial function to remake, change, or modify the contract at the behest of one who professes to rue agreeing to a particular provision therein, or to deprive a party of an advantage or benefit he precisely contracted to reserve to himself with the concurrence of the other party. To do so would be a clear act of usurpation. Courts are not concerned under such circumstances with the wisdom or unwisdom of contractual provisions clearly expressed. (*Carroll* v. *Title Guar. & Trust Co.*, 131 App. Div. 221, 223; *Rosenthal* v. *American Bonding Co.*, 207 N. Y. 162, 169; *Rockaway Sash & Door Co.*, v. *Soman*, 146 Misc. 327, 330; 17 C. J. S., Contracts, § 296, pp. 705–706.)

The rights of certain claimants to an award is the subject of regulation in section 240-a of the Real Property Law, but that section has no application herein. This is so because it is concerned with factors not at issue, and as to which no proof was adduced in this proceeding; it relates *inter alia* to takings by eminent domain and with a differentiation as between the taking of an "immaterial part" and a "material part". In addition it is expressly provided that the section shall have no application when "the contract expressly provides otherwise". Here the contract expressly provides otherwise and reserves the award to the vendors.

The determination on the facts by the County Court and its giving the award to the vendors are sustained by the record and by long-settled authority.

The orders should be affirmed.

Johnston, Adel, Wenzel and MacCrate, JJ., concur in Memorandum by the Court; Carswell, Acting P. J., dissents and votes to affirm, in opinion.

Orders of the County Court, Nassau County, reversed on the law and the facts, with one bill of $10 costs and disbursements, respondents' application denied, without costs, and appellant's application granted, without costs; the order to provide that there shall be paid to appellant out of the amount of the award now on deposit with the County Treasurer, Nassau County, as compensation to the owner of Parcel No. 2 herein, such amounts as the court shall determine.

From the facts stated in and inferable from the record, it appears that the intention was that the sellers would convey the whole estate and interest described in the instruments or, in the event of their inability to do so, appellant

was bound to accept an estate and interest diminished by a taking in condemnation and to receive any award in condemnation in lieu of the portion of the estate and interest which the sellers might be unable to deliver. It reasonably appears from the record that the intention of the parties was to construe the written instruments made and delivered as assignments of the grantors' interest in the award made in condemnation.