■ In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property for and on Behalf of the City of New York, in Delaware County,

for the Purpose of Providing Additional Water for the City of New York. ELEONOR K. LUTH et al. (Parcel 239), Respondents. CITY OF NEW YORK, Appellant. WALTER DENN et al. (Parcel 244), Respondents. CITY OF NEW YORK, Appellant.— The Board of Water Supply appeals from awards to claimants for damages to their respective Summer cottage properties (Parcels 239 and 244) on the east branch of the Delaware River, below the Pepacton Dam, their claims having accrued when the City of New York acquired the right to divert water from the river; the city being bound to make compensating releases of water from its reservoirs to maintain the flow at a specified level at a designated point in New Jersey, pursuant to court decree (see *New Jersey* v. *New York*, 283 U. S. 336, 283 U. S. 805, 347 U. S. 995), with the result that there occur, according to the testimony, wide variations in the flow, depth and temperature of the water, with consequent damage to, or destruction of the previously excellent sports fishery and of the swimming facilities, and some other damage as well. In neither case was there any fee taking. The claimants' real estate expert assigned to Parcel 244 a value of $6,000 before the diversion and of $500 thereafter. The award was of $1,650. The percentage of the award to the purchase price paid about one year before the taking and of that to the assessed valuation are startling at first blush; but, absent other proof by the city, afford no ground for reversal. Indeed, the appellant's argument that these percentages are extremely and unreasonably high loses its force upon consideration of the testimony of appellant's only expert, who gave little or no effect to purchase price or assessment and valued the parcel at $3,250 before the taking. Appellant cannot reasonably complain if the commission gave weight to appellant's expert's opinion of value before the diversion but rejected his conclusion that there was no more than nominal damage, and chose to give effect instead to the objective evidence of the changes in the river. The award represented approximately 50% of the value before the taking, as fixed by appellant's expert, and 27.5% of the before-taking value to which claimants' expert testified; but it is abundantly clear that a very large part of the value before the taking was in fact attributable to the recreational facilities afforded by the river and subsequently in large part destroyed; and this seems to be confirmed upon consideration of the area and river frontage of the parcel and the nature and exceedingly modest character of the building. It cannot be said that the award is such that it " 'shocks not only one's sense of justice, but one's conscience' ". (*Matter of Huie* [*Fletcher*], 2 N Y 2d 168, 171.) The claim with respect to Parcel 239 was tried with that relating to Parcel 244 and upon the same theory; the same experts testified in each case; and the award of $2,100 would have to be sustained if claimants had been properly in court. We find, however, that they are not entitled to an award since they acquired their title to the fee by deed from one Fink some six weeks after the city's taking of the diversion rights. Claimants' grantor Fink, being the owner at that time, would, under the general rule, be entitled to the compensation to be paid for the taking (*Matter of Van Etten* v. *City of New York*, 226 N. Y. 483, 489), absent any assignment of his claim " by special assignment or by a provision in the deed " (2 Nichols, Eminent Domain [3d ed.], § 5.21) or a situation in which the deed itself may be found to have constituted an assignment of the grantor's claim, in the light of particular facts and circumstances evincing such an intent (see *Matter of Nassau County* [*Wilmore Realty Corp.— Lansing*], 278 App. Div. 834, affd. 304 N. Y. 714). An assignment or an intent that the deed should operate as such cannot be found upon this record and, indeed, respondents do not in their brief contend for either and rely instead on a theory of estoppel for which we find no proper basis. Contrary to claimants' assertion, their claims are not within the ambit of section K41–12.0 or that of section K41–44.0 of the Administrative Code of the City of

New York, since they had no title or interest either at the time of the taking (§ K41–12.0) or at the time of the execution of the plans (§ K41–44.0). Order confirming award with respect to Parcel 244 affirmed, with costs to respondents. Order confirming award with respect to Parcel 239 reversed, on the law, and claim dismissed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.